The original opinion is withdrawn and the following is substituted therefor. In the original opinion, the Court stated that "[w]here a motion for relief under Rule 60, ARCP is granted or denied, the action of the trial court is appealable." That statement is correct as it applies to the facts in this case, however, we deem it appropriate to clarify the standard for determining the appealability of Rule 60 orders.
In this case, Blue Cross-Blue Shield of Alabama, Inc. (hereinafter Blue Cross) petitioned the Court for a writ of mandamus ordering Circuit Court Judge Braxton L. Kittrell, Jr. to strike and nullify his order granting Clarence Sanders
relief from a final judgment under Rule 60, ARCP.
Clarence Sanders had previously filed a suit against Blue Cross in the Circuit Court of Mobile County. That action was dismissed on October 25, 1977. Subsequently, Sanders filed another action against Blue Cross in the District Court of Mobile County seeking $5,000 for breach of an insurance contract. Blue Cross raised the defense of res judicata based on the dismissal of the Circuit Court action. The record does not indicate that the District Court has ever ruled on this defense.
On March 3, 1978, Sanders moved that the Circuit Court grant him relief from the order of dismissal pursuant to Rule 60, ARCP. Sanders asserted that the original order of dismissal was "inadvertently worded."
On May 1, 1978, the Circuit Court of Mobile County, Kittrell, J., granted the requested relief. The order of the court provided in pertinent part:
 "[T]he Court being satisfied that its said order of October 25, 1977, was intended merely to dismiss the Plaintiff's tort claims and being further satisfied that no contractual claims were presented against the Defendant in this action, it is therefore
 Ordered, Adjudged and Decreed that the plaintiff herein be and hereby is granted relief from this Court's order of October 25, 1977, to the extent and only to the extent that the Plaintiff herein may file actions in contract against the Defendant herein in any court of competent jurisdiction free from any defense based upon res judicata by virtue of this Court's order of October 25, 1977."
It is this order which the petitioner seeks to have nullified in this mandamus proceeding. This order granting relief under Rule 60, ARCP, when tested by usual principles of finality is sufficient to support an appeal. 7 Moore's Federal Practice, ¶ 60.30[3] at 431 (2d ed. 1978). An order granting or denying Rule 60 relief presents for review only the correctness of the trial court's order. Personnel Bd. for Mobile Cty. v.Bronstein, 354 So.2d 8 (Ala.Civ.App., 1977).
Mandamus will not lie to review this decision of the circuit court. Alcoholic Beverage Control Bd. v. Taylor, 339 So.2d 66
(Ala., 1976); Burks v. Zeanah, 54 Ala. App. 55, 304 So.2d 610
(Ala.Civ.App., 1974).
PETITION DENIED.
TORBERT, C.J., and BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur. *Page 10