Plaintiffs Fisher and Young filed an action to recover on a promissory note in the amount of $72,000. Defendant McCurry was served on October 17, 1978; on December 6, 1978, the trial court entered a default judgment against him. Defendant Bush was served on February 27, 1979; a default judgment was obtained against him on April 18, 1979. An answer to the complaint was filed on behalf of both defendants on December 6, 1978, alleging that defendants owed plaintiffs only $25,000, the balance of the note being interest and usurious. The parties disagree as to whether the answer was filed before or after the default judgment against McCurry was obtained.
On May 25, 1979, defendants filed a motion to set aside the default judgments and restore the actions to the trial docket. That motion was granted on June 5, 1979. Plaintiffs appealed.
The decision to relieve a party from a judgment under ARCP Rule 60 (b) is largely discretionary, especially where a party seeks to have a default judgment set aside and to proceed to trial upon the merits. Nunn v. Stone, 356 So.2d 1212
(Ala.Civ.App. 1978). We do not reach the issue of whether the trial court abused its discretion, however, because an order granting a motion to set aside a default judgment and proceed to trial is interlocutory and not appealable. Koonce v. Arnold,244 Ala. 513, 14 So.2d 512 (1943); Wood v. Finney, 207 Ala. 160,92 So. 264 (1922); Hatchett v. Milner, 44 Ala. 224 (1870). Although the various methods of attack on a final judgment discussed in those cases have been replaced under the ARCP by Rule 60, their substance has been retained. ARCP 60 (b), Committee Comments. The granting of a Rule 60 (b) motion is generally interlocutory and not appealable. The Court of Civil Appeals so held in Sullivan v. Speedway Oil Co., 352 So.2d 1383
(Ala.Civ.App. 1977). Such holdings are consistent with the federal courts' interpretation of their own Rule *Page 969 
60 (b). 11 Wright Miller, Federal Practice and Procedure: Civil § 2871. Accordingly, the appeal is dismissed.
APPEAL DISMISSED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.