This appeal involves the denial of a Rule 60 (b), ARCP, motion seeking relief from a final summary judgment *Page 650 
The summary judgment arose from a suit filed by Carrie Jane Giles to recover land in possession of her son, J.C. Giles, Jr The land had been owned by J.C., Sr., father of J.C., Jr. When J.C., Sr. died, presumably without a will, as one was never probated, Carrie Jane, his wife, remained on the property. Soon thereafter Mrs. Giles asked J.C., Jr. and his wife to move onto the land so that they could care for her. J.C., Jr. and his wife acceded to her request and built a house and made various improvements on the land
Sometime later Mrs. Giles went to Marietta, Georgia, to visit some of her other children. There was obviously dissension in the family regarding the several parcels of land in question, and in May, of 1979 Mrs. Giles filed suit to oust J.C., Jr. and his wife. J.C., Jr. counterclaimed for "an equitable interest in a portion of the property"; sought to enjoin Mrs. Giles from interfering with his possession of the property; and in the alternative, $25,000 compensation for the improvements he had made
Mrs. Giles moved for and was granted summary judgment in October of 1979 on her claim to recover possession of the property. Her claim for an accounting was denied. J.C., Jr.'s motion to alter, amend or vacate, or, in the alternative, grant a new trial was overruled. J.C., Jr.'s motion to stay the execution sought by Mrs. Giles was also overruled
On April 9, 1980, the attorney for J.C., Jr. withdrew as attorney of record
On April 18, 1980, Mr. Beck, J.C., Jr.'s newly employed attorney filed a motion which we construe to be under Rule 60 (b), ARCP. Attached to this motion is a deed dated March 1, 1965, conveying some of the land in question to J.C., Jr. The deed is from J.C., Jr.'s mother and father and is attested by one witness
The sworn motion continued as follows:
 That the Deed, Exhibit B, was delivered to the Defendant during the lifetime of Carrie Jane Giles and her husband, the father of the defendant, J.C Giles, who is deceased; and he accepted the deed in good faith as it was presented by his mother and father to him. Sometime after he got the deed his mother and father both told him there might be some doubt about the legality of the deed because it had one witness, and also that his brothers and sisters had told him it wasn't any good because it only had one witness, and that his attorney told him it wasn't any good because it had only one witness. That was during all the litigation, and he not being informed in the law, and not well educated, did not know any better, therefore, he did not file it for record, that he was put in possession of the land in question, described in the deed, and he has occupied it and claimed it as against the other children, and due to the mistake that was made and the belief that the deed was no good, because it only had one witness; he was deprived of this element of defense because his own attorney in Centre, Alabama, informed him it was not any good because it only had one witness, and told him there was no use to offer said deed in evidence, so relying on said Attorney's statement, he did not bring forth this deed, Exhibit B and he found out after he consulted his attorney in Fort Payne, Alabama, that it was a good deed, that was the only thing wrong with it, it was valid and even after this, he went to the Probate Office in Cherokee County, Alabama, and the Officials in the Probate Office told him the deed wasn't any good because it had only one witness and did not want to accept it for record, but told him they would record it even though it was a void deed because it wasn't executed properly. Because of all this information that the deed was not any good because it only had one witness, it was not brought forth and offered in evidence on advice of his counsel who represented him at the time and during the pendency of all this other proceedings
 WHEREFORE, because of these circumstances, the Defendant feels that the judgment entered in this cause should be set aside and he should be relieved from *Page 651 
said judgment because of these representations made to him by the many people who were interested in these proceedings who were trying to take his land away from him and drive him off the place
Code 1975, § 35-4-20, provides that ". . . the execution of such conveyance must be attested by one witness or, where the party cannot write, by two witnesses who are able to write and who must write their names as witnesses; . . . ." (Emphasis added.)
The deed is complete and regular upon its face and no contention has been made that the grantors were unable to write. Accordingly, for purposes of this appeal we assume the deed to be valid
The trial court summarily denied this motion by stating "that a Rule 60, ARCP, motion is not the vehicle to seek the relief that the Defendant is requesting in this case."
Because the motion was filed five months and twenty days after judgment clauses (1), (2) and (3) of Rule 60 (b) are inapplicable. Clauses (4) and (5) are not pertinent; therefore, if J.C., Jr. is to prevail he must proceed under clause (6) of the rule which provides, "any other reason justifying relief from the operation of the judgment."
Our Rule 60 is almost identical to its Federal counterpart Wright Miller, Federal Practice and Procedure: Civil § 2864 provides us with a general statement:
 A quite typical kind of case is that in which a party comes in more than a year [four months] after judgment to assert that he is the victim of some blunder by his counsel. Claims of this kind seem to fit readily enough within such grounds as mistake, inadvertence, and excusable neglect, all stated in clause (1), and courts frequently have so reasoned and held that clause (6) was inapplicable. But if the court is persuaded that the interests of justice so require, it is likely to find aggravating circumstances sufficient to permit it to say that the case is properly within clause (6)
The trial court denied the motion without a hearing. It is inferable from the language of the order denying the motion that the court reasoned that a Rule 60 motion was not available, in any event, to remedy situations like the one presented here. If that be the case, we think the court misconceived the spirit of the rule. On the record before us we cannot say that the court abused its discretion in denying the motion, but we are of the opinion that a hearing should be held to determine the circumstances which led to the failure of the deed being offered into evidence. The hearing should also include an inquiry into the validity of the deed
If it turns out that the deed is valid, then it would have provided at least a partial defense to the original law suit and would restore to J.C., Jr. the land that is rightfully his
We are aware that trial courts usually have wide discretion in determining whether to grant Rule 60 (b) motions, but that discretion is not unbridled. The rules of civil procedure have been designed to allow some flexibility, particularly in an effort to do what is right and just. If the deed proves to be valid then we strongly suggest that the trial court consider granting the motion
The judgment is reversed and the cause is remanded for a hearing
REVERSED AND REMANDED WITH DIRECTIONS
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur *Page 652