We granted the writ of certiorari in 81-620 to review the actions of the Court of Civil Appeals that dismissed the appeal of Henry C. Short on the grounds that the judgment or order of the trial court setting aside Short's 27 December 1977, decree of divorce was interlocutory and therefore not appealable.
The writ of certiorari was granted in 81-797 to review the actions of the Court of Civil Appeals which denied Short's petition for the writ of mandamus, or in the alternative, the writ of prohibition, on the grounds that mandamus was not the proper method to review the trial court's action in setting aside his divorce decree.
Upon motion by petitioner, the two cases were consolidated for consideration by this court. *Page 729 
The basis of Mr. Short's actions in the Court of Civil Appeals was to have that court review the order of 6 November 1981 of the Circuit Court of Jefferson County that set aside the decree of divorce on the basis that the decree was void because of lack of service of process sufficient to impose in personam jurisdiction upon his wife, Grace Stevens Short. The order of the circuit court was the consequence of Mrs. Short's Rule 60 (b), ARCP, motion seeking to vacate the 1977 decree.
After reviewing the record, we conclude that the actions of the Court of Civil Appeals and the circuit court were erroneous, and the Court of Civil Appeals is directed to correct the action of the circuit court by issuing the writ of mandamus to that court directing it to set aside its 6 November 1981 order which set aside petitioner's final judgment of divorce.
On 27 October 1977 Henry Short filed a complaint seeking a divorce from Grace Stevens Short. Henry Short was a resident of Alabama at the time, and at present; Grace Stevens Short was and is a resident of Massachusetts. On 28 October 1977 a summons and complaint was sent by certified mail to Mrs. Short at 62 Aborn Avenue, Wakefield, Massachusetts. The certified mail was returned to the Register in Chancery's office unclaimed. The summons and complaint was then sent on 10 November 1977 by certified mail to Mrs. Short's last known place of employment: Brandeis University. That mailing was also returned unclaimed. After that event, on 17 November 1977, Mr. Short's attorney filed an affidavit stating that service of process had been attempted on Mrs. Short pursuant to Rule 4.2, ARCP, and that Mrs. Short was avoiding service. Mr. Short requested that Mrs. Short be served by first class mail pursuant to Rule 4.3 (e), ARCP. The Register's office issued three summonses by first-class mail to Mrs. Short's residence, place of employment, and to an attorney who had contacted Mr. Short's Birmingham lawyer before 17 November 1977. Mr. Short applied for entry of a default judgment on 22 December 1977 and final judgment of divorce was entered on 27 December 1977.
Three years later, on 8 April 1981, Mrs. Short filed an independent action or motion under Rule 60 (b), ARCP. The Rule 60 (b) motion alleged numerous defects in the proceedings leading up to the entry of the divorce. On 6 November 1981, the trial court entered an order granting Mrs. Short's Rule 60 (b) motion to vacate and set aside the final judgment of divorce dated 27 December 1977. The order of the trial court went further and set aside the entry of default, quashed service, and restored the case to the active docket without giving any reason why the final judgment of divorce was being set aside. Mr. Short then filed a motion for new trial which was denied.
A notice of appeal to the Alabama Court of Civil Appeals was filed by Short, after which Mrs. Short filed a motion to dismiss that appeal, contending it was from an interlocutory order. Mrs. Short's motion was granted and the appeal was dismissed. Short filed an application for rehearing which was denied. Thereupon, Mr. Short filed a petition with this court for writ of certiorari to the appeals court.
Mr. Short also filed a petition for a writ of prohibition, or in the alternative, for the writ of mandamus, in the appeals court requesting a review of the trial court's order granting Mrs. Short's Rule 60 (b) motion. On 13 May 1982 the appeals court denied the petition, whereupon Short filed an application for rehearing. However, due to clerical error, the notice of denial of the application for rehearing was not forwarded to either party. The appeals court upon its own motion reinstated the application and denied it. On 22 June 1982, Short filed, in this court, the writ of certiorari to the appeals court seeking a review of that court's order denying the petition for a writ of prohibition or in the alternative the writ of mandamus.
There are three issues before this court for resolution:
I. Is an order of the trial court setting aside the divorce decree as void, pursuant to a Rule 60 (b) motion, appealable before a *Page 730 
final judgment has been rendered by the trial court?
II. May mandamus issue in a divorce case where there is a clear showing of error in the trial court and possible injury to the petitioner?
III. Was service of process perfected pursuant to Rule 4.2 and 4.3 (e), ARCP, so that the trial court had jurisdiction to render the decree of divorce?
 I.
The grant of a Rule 60 (b) motion is generally treated as interlocutory and not appealable. Fisher v. Bush, 377 So.2d 968
(Ala. 1979); Wright Miller, Federal Practice and Procedure,Civil, § 2871 (1973). It is only in some situations that an order granting relief under Rule 60 (b) is treated as a final judgment for purposes of appeal. See, Sanders v. BlueCross-Blue Shield of Alabama, Inc., 368 So.2d 8 (Ala. 1979). But these situations are the exception rather than the rule.
"When tested by the usual principles of finality," the trial court's order, as in the case before us, is generally viewed as interlocutory and, therefore, not appealable. 7 Moore's Federal Practice, 60.30 (3), at 431 (2d ed. 1982). This case falls within that general rule.
 II.
The writ of mandamus is not granted unless there is a clear showing of error in the trial court to the injury of the petitioner. Ex parte Slade, 382 So.2d 1127, 1129 (Ala. 1980). The trial court must have abused its discretion and exercised it in an arbitrary and capricious manner. Ex parte HartfordInsurance Co., 394 So.2d 933 (Ala. 1981). The petitioner's right to relief must be clear and there must be no adequate remedy. Ex parte Slade, supra.
It is our opinion, after a thorough review of the record and the facts in this case, that the trial court clearly erred in setting aside Mr. Short's final judgment of divorce. That rationale is set out in Part III of this opinion.
On the basis of the record before us, we find the trial court, in granting Mrs. Short's 60 (b) motion, abused its discretion and, in fact, exercised it in an "arbitrary and capricious" manner; indeed, we are satisfied an unjust result was effectuated.
Although mandamus ordinarily will not issue where there is an adequate remedy by appeal, we do not find an appeal in this case, after much delay and expense, to be "adequate." We do not wish to be understood as encouraging mandamus actions where there is an adequate remedy by appeal, but in the rare case such as this, mandamus is appropriate to prevent undue injury and afford petitioner a relief which is convenient, beneficial and effectual. See East v. Todd, 284 Ala. 495, 226 So.2d 153
(1969). Mr. Short secured a decree of divorce from his wife on 27 December 1977. The record reveals nothing further was heard from Mrs. Short or her attorney until 8 April 1981, over three years later, when Mrs. Short filed this action to have the final judgment of divorce set aside. The record, however, reveals the judgment of divorce was in all respects final. To now require Mr. Short to relitigate this case would be a harsh and undue burden. Therefore, the facts of this case mandate that the order of the trial court be set aside.
 III.
The only authority of the trial court to set aside a final decree on a Rule 60 (b) motion three years after an entry of such final decree is on the ground that the decree is void on the face of the record for want of jurisdiction of the subject matter or party. Rule 60 (b), ARCP. The lapse of more than six years would not affect the right to have the decree vacated. Not even the lapse of twenty years can cure such a decree.Vaughan v. Vaughan, 267 Ala. 117, 100 So.2d 1 (1957).
Because the only ground upon which the motion to set aside could have been granted was the alleged voidness of the final judgment of divorce, and further, because the only basis upon which the judgment could *Page 731 
have been said to be void was lack of in personam jurisdiction, it becomes appropriate to determine if service of process was valid.
Mr. Short contends the divorce decree is not void because he strictly followed the law and the rules of civil procedure to effect valid service of process in the divorce proceedings. He initiated his divorce action by obtaining service according to Rule 4.3 (e)(1), ARCP. The provisions of that section of that rule provide an alternative to publication in certain domestic relations proceedings. Specifically, when certified mail is not effective, then upon compliance with 4.3 (d)(1), service may be had under 4.3 (e)(1) by first class mail in lieu of publication.
We have carefully reviewed the record and find that in his divorce action Mr. Short carefully and fully complied with Rule 4.2 (b). Service of process was attempted by mailing copies of the summons and complaint by certified mail to Mrs. Short's residence at 62 Aborn Avenue, Wakefield, Massachusetts, and to Mrs. Short's place of employment, viz: "Secretary to Dr. Fuchs, c/o Brandeis University, Waltham, Massachusetts." Both letters were returned undelivered.
Mr. Short's attorney then filed the appropriate affidavit required by Rule 4.3 (d)(1) showing reasonable diligence in locating Mrs. Short. The affidavit also averred that Mrs. Short was avoiding service. The record shows that Mr. Short filed the hardship affidavit required by 4.3 (e)(1) before applying for service by first class mail.
In further compliance with Rule 4.3 (e) the Register of the court posted three letters by first class mail containing copies of the summons and complaint addressed to Mrs. Short at the following addresses:
1. 62 Aborn Avenue, Wakefield, Massachusetts.
2. c/o Dr. Fuchs, Brandeis University, Waltham, Massachusetts.
3. One State Street, Boston, Massachusetts (the office of an attorney who had previously stated in writing to Mr. Short that he represented Mrs. Short).
The letter addressed to Mrs. Short's attorney was returned undelivered, while the remaining two were not returned. There is nothing in the record indicating a denial by Mrs. Short that she in fact received these letters.
Mrs. Short argues that Mr. Short did not comply with Rule 4.3 because the affidavit of Mr. Short's attorney required by 4.3 (d)(1) was filed prior to the return of the alias summons and complaint contained in the certified letter addressed to Mrs. Short's employer. The affidavit did not state that the certified letter had been returned, only that "[i]n neither of the two instances of mailing notice by certified mail by the Register has there been a return of `Return Receipt' although the certified mail letter addressed to the defendant at her residence address, viz: 62 Aborn Ave., was mailed on October 28, 1977 (being 20 days prior to the making of this affidavit) by the Register of this Court." This procedure is entirely proper. Under normal circumstances, twenty days appears to be a reasonable time period for a certified letter to be delivered and the receipt returned to the sender. As it turned out both certified letters were returned undelivered.
Mrs. Short also contends that service under Rule 4.3 was defective because the Register mailed the summons and complaint by first class mail without a court order. Rule 4.3 (e) does not require an order of court as a condition precedent to the first-class mailing.
Mrs. Short further alleges that Mr. Short's sworn testimony upon which the case was submitted for decision was defective. There is no merit to this contention. Defects in testimony are not reviewable under a Rule 60 (b) motion. Brown v. KingsberryMortgage Co., 349 So.2d 564 (Ala. 1977).
Mrs. Short further contends there are numerous other defects in the proceedings leading to entry of the divorce decree in 1977. An examination of the record does not reveal any. *Page 732 
It is ironic that through the very method she now attacks, Mrs. Short received better service than she would have received had service been made by publication rather than by first-class mail. The method of publication which Mr. Short was entitled to employ required publication in a newspaper of general circulation in Jefferson County, Alabama. This would have been of scant benefit to Mrs. Short in Massachusetts. In contrast, one of the first-class mailing addresses given the Register, both by affidavit and in the complaint, was precisely the address of Mrs. Short three years later.
It would hardly be considered fair to punish a party who has followed the strict letter of the law and reward another for avoiding service of process and who later cries "foul" by claiming lack of adequate service.
Accordingly, the judgment of the Court of Civil Appeals dismissing the appeal is affirmed, but that court's judgment denying the petition for mandamus, or in the alternative, prohibition, is reversed; and the case is remanded to the Court of Civil Appeals for entry of a judgment consistent with this opinion.
CASE 81-620 AFFIRMED; CASE 81-797 REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.