The plaintiffs, Lisa Barnett and Ernest Barnett, appeal from a denial of a Rule 60(b), A.R.Civ.P., motion to set aside a judgment of dismissal for lack of prosecution. We affirm.
On April 23, 1985, Lisa Barnett filed an action alleging fraud and misrepresentation on the part of Jim Ivey, individually and as agent for Low Cost Cars, Inc.; the action was filed by and through her attorney of record, Charles Amos. At the time the action was filed, Amos was practicing law in partnership with Denny L. Holloway, and Barnett was actually Holloway's client.
Denny L. Holloway was appointed District Judge for Houston District Court. Upon his appointment, Holloway requested that attorney Jack Smith assume the representation of Barnett in her action against Ivey.
On May 16, 1985, the court ordered that Ernest Barnett be added as a party plaintiff; however, the Barnetts never responded to the order.
On June 10, 1986, Amos filed a motion to withdraw as counsel for Barnett, and the motion was granted the same day.
On December 2, 1987, the court notified Attorneys Amos, Smith, and Alan C. Livingston (Ivey's lawyer) that the Barnetts' lawsuit would be dismissed for lack of prosecution unless good cause was shown. Subsequently, on January 5, 1988, the court dismissed the Barnetts' suit for lack of prosecution, and the case action summary sheet indicates that the clerk of the circuit court notified Smith and Livingston on that date that the case had been dismissed.
Smith says that, for some reason unexplained to this Court, he did not actually receive notice of the dismissal until June 12, 1989. Thereafter, on July 5, 1989, Smith, as attorney for the Barnetts, filed a Rule 60, A.R.Civ.P., motion to set aside the judgment of dismissal and requested that the case be restored to the docket. As grounds therefor, Smith stated that in 1985 he had tentatively agreed to represent Lisa Barnett; that Lisa Barnett was to return to his office to discuss a contract for representation and to review her case further; that Amos was her attorney of record until June 10, 1986; that he and Lisa Barnett never actually entered into a contract for representation; and that he had not received a timely copy of the January 5, 1988, order dismissing her case for lack of prosecution. Smith also moved to withdraw as counsel. The court granted Smith's motion to withdraw and allowed Smith to file an affidavit, which stated, in part, that Barnett "was out of the area for an extended period of time"; that no contract for representation had been made; and that he had not received a timely copy of the order of dismissal. *Page 1084 
On August 12, 1989, the court denied the Rule 60, A.R.Civ.P., motion to set aside the dismissal, stating that the court "had lost jurisdiction to grant relief in this case." Lisa and Ernest Barnett appealed.
The Barnetts argue that the trial court had jurisdiction to reinstate this action to the trial docket under Rule 60(b)(6), A.R. Civ.P., which provides for relief from a final judgment, order, or proceeding for "any other reason justifying relief from the operation of the judgment."
This Court has written, regarding Rule 60(b)(6):
 "Operating as a 'catch all' provision, [it] allows a dismissal to be set aside for 'any other reason justifying relief.' This provision is designed to operate exclusive of the specific grounds listed in Rule 60(b)(1) through (5), and a party may not escape the time limits of Rule 60(b)(1) merely by characterizing his motion as a Rule 60(b)(6) motion. . . .
 "It is important to note that Rule 60(b)(6) contains two very important prerequisites to its application: first, the motion must be based on some reason other than those stated in clauses 60(b)(1) through (5) and second, the reason urged for relief must be such as to justify relief. . ..
 "Relief is justified under a Rule 60(b)(6) motion when a party is able to show exceptional circumstances sufficient to entitle him to relief. . . . The decision of whether to grant or deny the motion is within the sound discretion of the trial judge, and the appellate standard of review is whether the trial court abused its discretion. . . . In reviewing a ruling of a trial court on a Rule 60(b)(6) motion, the trial court's decision will not be disturbed unless it is determined 'that there is an absence of reasonable cause, that rights of others subsequently arising would be adversely affected, or that it is unjust.' "
Ex parte Hartford Ins. Co., 394 So.2d 933, 936 (Ala. 1981). (Citations omitted.) (Emphasis added.)
In this case, based on a review of the record, we conclude that Rule 60(b)(1), A.R.Civ.P., is applicable to the facts of this case, rather than Rule 60(b)(6). Under the facts apparent from the record, it appears that, at best, the plaintiff could prove only that Smith failed to receive notice of the dismissal for reasons of "mistake, inadvertence, surprise, or excusable neglect." Thus, the four-month time limit for making a Rule 60(b)(1) motion expired on May 5, 1988. Furthermore, even if Rule 60(b)(6) was applicable, we would hold that the motion was not made within "a reasonable time" in this case. The Barnetts took no action in this case between June 10, 1986, and July 5, 1989. The Barnetts have not shown any exceptional circumstances justifying relief under Rule 60(b)(6), and a review of the record discloses no abuse of discretion by the trial court in denying relief from the dismissal.
Accordingly, we hold that the time limit for making the motion had expired and that, as a result, the trial court had lost jurisdiction to grant the motion. Therefore, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.