The defendant R.E. Grills, Inc., appeals from a $125,000 judgment entered on a jury verdict in favor of the plaintiff, Samuel L. Davison, Jr., in a personal injury action for damages. Davison brought this action against Ronald J. Gulley, Auto Electric and Carburetor Company, Inc., R.E. Grills, Inc., and sundry fictitiously named defendants, alleging negligence and wantonness in connection with an automobile accident that occurred on Interstate Highway 59. The sole issue is whether the circuit court erred when, six months after Davison had voluntarily dismissed this action, it granted his Rule 60(b), Ala.R.Civ.P., motion to set aside the voluntary dismissal on the ground that he had not received notice of the order of dismissal from the circuit court clerk.
The accident from which Davison's claims arose occurred on December 5, 1989, on a north-bound lane of Interstate Highway 59, which was then under construction. R.E. Grills, which was performing the construction for the State of Alabama, had placed orange traffic barrels in the right north-bound lane of Interstate 59 to direct traffic into the left lane. As Davison was travelling north on Interstate 59 in the left lane, one of these barrels rolled into the left lane. To avoid hitting the barrel, Davison slowed his vehicle. The defendant Gulley, who was driving a van travelling behind Davison, was unable to stop in time and struck the rear end of Davison's vehicle. At the time of the accident, Gulley was driving a van owned by his employer, the defendant Auto Electric.
On May 28, 1991, Davison filed a complaint stating claims of negligence and wantonness against the defendants. After R.E. Grills and Auto Electric filed answers to the complaint, Davison moved for leave of court to voluntarily dismiss the action. On September 24, 1991, the circuit court granted Davison's motion, dismissing his action without prejudice. Approximately six and one-half months after this action had been voluntarily dismissed and four months after the statutory period of limitations had run on his claims,[1] Davison, on April 9, 1992, filed a "Motion to Reinstate," alleging:
 "1. This lawsuit was filed on or about May 28, 1991. Discovery was accomplished and answers were filed by the defendants on June 26, 1991, and July 28, 1991. A notice of appearance was entered by the above mentioned counsel . . . on September 12, 1991.
 "2. A motion to dismiss was voluntarily filed by the attorney for the plaintiff on September 18, 1991. Plaintiff would now like to have the claims reinstated for the trial docket in St. Clair County and would like to set aside any dismissal of the complaint. Plaintiff's attorneys have not received notice of a dismissal or order of dismissal.
 "3. The setting aside of this dismissal will not prejudice the defendant [sic] in any manner. The motion for dismissal was made without prejudice. In addition, the deposition of the plaintiff was taken on September 24, 1991, after the dismissal motion was filed."
(Emphasis added). After a hearing, of which there is no record the circuit court granted Davison's motion and set the case for trial. The circuit court later denied Auto Electric's motion to "reconsider." *Page 227 
After the circuit court granted Davison's motion, but before the case was tried, Auto Electric petitioned this Court for a writ of mandamus directing the circuit court to vacate its interlocutory order setting aside the dismissal. This Court denied the petition, without opinion. R.E. Grills did not join in Auto Electric's petition for a writ of mandamus, and did not file one of its own. Davison's claims were subsequently tried before a jury, which returned verdicts in favor of Auto Electric and Gulley and a verdict of $125,000 in favor of Davison against R.E. Grills. After the circuit court denied R.E. Grills's motion for a J.N.O.V. or a new trial, it appealed to this Court.
Because Davison's motion sought to set aside a voluntary dismissal, Davison's "Motion to Reinstate" can be construed only as a Rule 60(b) motion to set aside a Rule 41(a)(2) order of voluntary dismissal. Rule 41 committee comments, Ala.R.Civ.P.; Ex parte Hartford Ins. Co., 394 So.2d 933, 935
(Ala. 1981); Sundance Marina, Inc. v. Reach, 567 So.2d 1322,1325 (Ala. 1990).
Rule 60(b) provides, in pertinent part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken."
R.E. Grills argues that Rule 60(b)(1) was the only basis for Davison's motion and that because Davison did not file his Rule 60(b) motion within four months after the order of dismissal and because the statute of limitations period applicable to his claims had run before the filing of this motion, the circuit court erred in granting the Rule 60(b) relief.
Davison responds first by arguing that the denial of Auto Electric's petition for a writ of mandamus precludes R.E. Grills from raising the issue it presents here. Davison contends that by not joining in the petition for a writ of mandamus filed by Auto Electric and by failing to file such a petition of its own, R.E. Grills waived any right to challenge the order granting Rule 60(b) relief. Davison also argues that R.E. Grills should be bound by what he says was this Court's resolution of the issue in its denial of Auto Electric's petition for the writ of mandamus.
On the merits, Davison contends that the circuit court afforded relief under the "catch all" provision of Rule 60(b)(6), not Rule 60(b)(1), that his motion was filed "within a reasonable time," and that, therefore, the circuit court did not abuse its discretion in granting it. Citing Giles v. Giles,404 So.2d 649 (Ala. 1981), Davison also argues that even if his motion had been based on Rule 60(b)(1) grounds, "aggravating circumstances" and the interests of "justice" permitted the circuit court to treat it as being within Rule 60(b)(6).
As a threshold matter, we address Davison's "waiver" argument by saying generally that unless in the circumstances of the case a petition for a writ of mandamus is the only procedure available to secure relief, a party does not waive a right to appeal from a trial court's interlocutory order or ruling solely by not filing such a petition.
The grant of a Rule 60(b) motion is generally treated as interlocutory and, therefore, not appealable. Ex parte Short,434 So.2d 728 (Ala. 1983); Fisher v. Bush, 377 So.2d 968 (Ala. 1979). In some circumstances, however, an order granting relief under Rule 60(b) is treated as a final judgment for purposes of appeal. Sanders v. Blue Cross-Blue Shield of Alabama, Inc.,368 So.2d 8 (Ala. 1979).
In Ex parte Short, the circuit court had entered a final judgment of divorce and three years later Mrs. Short filed a Rule 60(b) motion to set it aside. After the circuit court granted her motion and reinstated the case on the active docket, Mr. Short appealed to the Court of Civil Appeals and simultaneously petitioned that court for a writ of mandamus. The Court of Civil Appeals dismissed the appeal as coming from an interlocutory order and overruled the petition for writ of mandamus as being an improper attempt to *Page 228 
get review of the order setting aside the judgment.
This Court affirmed the dismissal of the appeal, because the order was of a type that is "generally viewed as interlocutory and, therefore, not appealable." 434 So.2d at 730.[2] However, the Court reversed the order overruling the petition for the writ of mandamus. On the procedural aspect of the case regarding the availability of the writ of mandamus, the Court stated the following:
 "The writ of mandamus is not granted unless there is a clear showing of error in the trial court to the injury of the petitioner. Ex parte Slade, 382 So.2d 1127, 1129 (Ala. 1980). The trial court must have abused its discretion and exercised it in an arbitrary and capricious manner. Ex parte Hartford Insurance Co., 394 So.2d 933 (Ala. 1981). The petitioner's right to relief must be clear and there must be no adequate remedy. Ex parte Slade, supra.
 "It is our opinion, after a thorough review of the record and the facts in this case, that the trial court clearly erred in setting aside Mr. Short's final judgment of divorce. That rationale is set out in Part III of this opinion.
 "On the basis of the record before us, we find the trial court, in granting Mrs. Short's 60(b) motion, abused its discretion and, in fact, exercised it in an 'arbitrary and capricious' manner; indeed, we are satisfied an unjust result was effectuated.
 "Although mandamus ordinarily will not issue where there is an adequate remedy by appeal, we do not find an appeal in this case, after much delay and expense, to be 'adequate.' We do not wish to be understood as encouraging mandamus actions where there is an adequate remedy by appeal, but in the rare case such as this, mandamus is appropriate to prevent undue injury and afford petitioner a relief which is convenient, beneficial and effectual. See East v. Todd, 284 Ala. 495, 226 So.2d 153 (1969). Mr. Short secured a decree of divorce from his wife on 27 December 1977. The record reveals nothing further was heard from Mrs. Short or her attorney until 8 April 1981, over three years later, when Mrs. Short filed this action to have the final judgment of divorce set aside. The record, however, reveals the judgment of divorce was in all respects final. To now require Mr. Short to relitigate this case would be a harsh and undue burden. Therefore, the facts of this case mandate that the order of the trial court be set aside."
434 So.2d at 730 (emphasis added).
In Sanders v. Blue Cross-Blue Shield of Alabama, Inc., supra, the Court held that the remedy of mandamus would not lie to review an order granting the plaintiff's Rule 60(b) motion to set aside a dismissal of his action. The plaintiff in Sanders
filed an action in the circuit court alleging tort claims against Blue Cross-Blue Shield; the action was subsequently dismissed. The plaintiff later filed another action against Blue Cross-Blue Shield in the district court, alleging breach of an insurance contract. Blue Cross-Blue Shield pleaded the defense of res judicata. Before the district court ruled on that defense, the plaintiff returned to the circuit and filed a Rule 60(b) motion to set aside the dismissal. Noting that the plaintiff had alleged no breach-of-contract claims in the original complaint, the circuit court granted the plaintiff's motion, in part, to allow the plaintiff to proceed with his breach-of-contract claims " 'in any court of competent jurisdiction free from any defense based upon res judicata.' " 368 So.2d at 9. The Court denied Blue Cross-Blue Shield's petition for a writ of mandamus, holding that the Rule 60(b) order granting relief was sufficient under the "usual principles of finality" to support an appeal.
The circuit court's order was final in Sanders because no further proceedings were contemplated in the circuit court. Rather, Sanders intended to proceed in the district court; the contract claim sought an amount within the jurisdictional limit of the district court. Ala. Code 1975, § 12-12-30. The circuit court's order granting Rule 60(b) relief would *Page 229 
not later have been reviewable on an appeal from the district court's judgment.
The posture of this case after the grant of Rule 60(b) relief was more like the posture of Short. However, in Short, this Court had the benefit of a full record that had been compiled for the appeal. Thus, the full proceedings were effectively before the Court. In Auto Electric's mandamus petition, as in regard to the usual mandamus petition, the only materials before the Court were the exhibits attached to the petition. As this Court said in Short, it is the rare case in which this Court will review by mandamus petition an interlocutory order that may later be reviewed upon appeal. Although this Court denied Auto Electric's petition, without ordering an answer and briefs and without issuing an opinion, that denial cannot haveres judicata effect on subsequent proceedings in light of the extraordinary nature of the writ of mandamus. In short, the denial does not operate as a binding decision on the merits. Furthermore, R.E. Grills's failure to join Auto Electric's petition does not operate as a waiver of any challenge to the order granting Rule 60(b) relief. Given the statement in Short
that "We do not wish to be understood as encouraging mandamus actions" directed to orders granting Rule 60(b) relief in an interlocutory fashion, it would be a Draconian contradiction to also say that the failure to seek such relief barred the complaining party from later raising the issue on appeal.
For the foregoing reasons, we proceed to the merits of the arguments on whether the circuit court erred in granting relief pursuant to Davison's "Motion to Reinstate." The "catch all" provision of clause (6) of Rule 60(b) allows a trial court to grant relief from a judgment for "any other reason justifying relief." Barnett v. Ivey, 559 So.2d 1082, 1084 (Ala. 1990). " 'Relief under Rule 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice.' " Chambers County Comm'rs v. Walker,459 So.2d 861, 866 (Ala. 1984) (quoting Douglass v. CapitalCity Church of the Nazarene, 443 So.2d 917, 920 (Ala. 1983)). Clause (6), however, is mutually exclusive of the specific grounds of clauses (1) through (5), and a party may not obtain relief under clause (6) if it would have been available under clauses (1) through (5). See, e.g., Insurance Management Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209 (Ala. 1991);Barnett 559 So.2d at 1084; Smith v. Clark, 468 So.2d 138, 140
(Ala. 1985); Chambers County Comm'rs v. Walker, 459 So.2d 861
(Ala. 1984); Ex parte Hartford Ins. Co., 394 So.2d 933, 935-36
(Ala. 1981); Rebel Oil Co. v. Pike, 473 So.2d 529
(Ala.Civ.App. 1985); Charles Townsend Ford, Inc. v. Edwards,374 So.2d 900, 902 (Ala.Civ.App. 1979). Because clause (6) operates exclusively of the specific grounds listed in clauses (1) through (5), this Court has stated that a party may not escape the four-month limitation applicable to clauses (1) through (3) merely by characterizing the motion as seeking relief under clause (6). Ex parte Hartford Ins. Co., 394 So.2d at 936; see also Rebel Oil Co., 473 So.2d at 532.
Although grounds for relief under Rule 60(b)(1) generally cannot be valid grounds under Rule 60(b)(6), this Court has recognized an exception when, in the interest of justice, aggravating circumstances may be considered sufficient to allow the trial court to treat what would otherwise be a Rule 60(b)(1) motion as within Rule 60(b)(6). Chambers CountyComm'rs v. Walker, 459 So.2d 861 (Ala. 1984); Giles v. Giles,404 So.2d 649 (Ala. 1981); Rebel Oil Co. v. Pike, 473 So.2d 529
(Ala.Civ.App. 1985). In Giles v. Giles, the Court stated:
 " 'A quite typical kind of case is that in which a party comes in more than a year [four months] after judgment to assert that he is the victim of some blunder by his counsel. Claims of this kind seem to fit readily enough within such grounds as mistake, inadvertence, and excusable neglect, all stated in clause (1), and courts frequently have so reasoned and held that clause (6) was inapplicable. But if the court is persuaded that the interests of justice so require, it is likely to find aggravating circumstances sufficient to permit it to say that the case is properly within clause (6).' "
404 So.2d at 651 (quoting Wright Miller, Federal Practice andProcedure: Civil *Page 230 
§ 2864 (1973)). As the quotation from Giles suggests, the Court has generally limited the application of this exception to circumstances where the dismissal was the result of mistake, inadvertence, or neglect of counsel and where, despite all diligence exercised to protect his own interests, the client was unable to reasonably protect his interests because he was misled about the status or conduct of his case by his counsel.Ex parte Oden, 617 So.2d 1020 (Ala. 1992); Chambers CountyComm'rs v. Walker, supra; Giles v. Giles, supra; Rebel Oil Co.v. Pike, supra. This exception, therefore, applies to an extraordinary circumstance not contemplated by Rule 60(b)(1), for the purpose of protecting the public, vindicating the judicial process, and promoting the public's confidence in the legal system. See Oden, 617 So.2d at 1027 (discussing and quoting with approval Jackson v. Washington Monthly Co.,569 F.2d 119 (D.C. Cir. 1977)).
Because Davison's "Motion to Reinstate" does not specify any Rule 60(b) ground for relief, we must interpret the substance of the grounds alleged in his motion to determine which of the six clauses of Rule 60(b) applies. The only ground alleged in support of Davison's motion was that his attorneys did not receive notice of the dismissal or of the order of dismissal. From this single allegation, we can conclude only that Davison's motion was based on Rule 60(b)(1) grounds. Although there was a hearing on the motion, there was no record made of that hearing, and it is not suggested elsewhere in the record on appeal or in the briefs that any other ground for relief was argued at the hearing.
Our conclusion that the motion was based on Rule 60(b)(1) grounds finds support in cases decided by this Court holding that a failure to receive notice of an involuntary dismissal constitutes a Rule 60(b)(1) ground for relief. Barnett v. Ivey,559 So.2d 1082 (Ala. 1990); Ex parte Hartford Ins. Co.,394 So.2d 933, 935 (Ala. 1981). In Barnett v. Ivey, the Court affirmed a denial of a Rule 60(b) motion, rejecting the argument that failure to receive notice of an involuntary dismissal may alone constitute a Rule 60(b)(6) ground for relief. Concluding that clause (b)(1), and not clause (b)(6), was applicable, the Barnett Court stated, "Under the facts apparent from the record, it appears that, at best, the plaintiff could prove only that [his attorney] failed to receive notice of the dismissal for reasons of 'mistake, inadvertence, surprise, or excusable neglect.' " Barnett, 559 So.2d at 1084 (quoting Rule 60(b)(1)). Davison sought relief from a voluntary, as opposed to an involuntary, dismissal, on the ground of lack of notice. Even more than in the case of an involuntary dismissal, a party who has sought and received a voluntary dismissal can scarcely claim that the failure to learn of the order of dismissal within four months was the result of something other than "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1), and not Rule 60(b)(6), properly applies here.
Although Davison cites Giles v. Giles, supra, arguing that "aggravating circumstances" and the interests of "justice" allowed the circuit court to treat his motion as coming within Rule 60(b)(6), he does not specify what "aggravating circumstances" warranted this type of extraordinary treatment. Because the record indicates no facts supporting Davison's contention that his motion fell within the exception to the general rule that Rule 60(b)(6) is inapplicable when Rule 60(b)(1)-(5) grounds apply, we hold that his motion could not properly be considered under Rule 60(b)(6).
Even if Rule 60(b)(6) were somehow applicable in the circumstances of this case, we cannot say that Davison presented any facts to support such extraordinary relief. Unlike most parties seeking relief in Rule 60(b) cases, which usually involve motions to set aside involuntary dismissals and default judgments, Davison sought relief from a voluntary
dismissal of his action. Furthermore, he sought relief from this voluntary dismissal six and one-half months after the order had been entered and four months after the statutory period of limitations had run, and he did so for no stated reason other than that he failed to receive notice of the dismissal. As this Court has stated, "Rule 60(b)(6) [cannot] be used 'for the purpose of relieving a party from the free, calculated, and deliberate *Page 231 
choices he has made. A party remains under a duty to take legal steps to protect his own interest.' " Chambers County Comm'rs, 459 So.2d at 866 (quoting 11 C. Wright A. Miller, FederalPractice and Procedure, § 2864, at 214-15 (1973); Rebel Oil Co.v. Pike, 473 So.2d at 532 (quoting 11 C. Wright A. Miller,supra, § 2864); see Ex parte Oden, 617 So.2d 1020 (Ala. 1992).
Because in the circumstances of this case, Davison's Rule 60(b) motion can be interpreted only as seeking relief under Rule 60(b)(1) and because he filed his motion more than four months after the entry of the order of dismissal, the motion was due to be denied. Because there is no showing of any circumstances allowing the motion to be deemed a Rule 60(b)(6) motion, the trial court erred in treating the motion as one under Rule 60(b)(6). We reverse the judgment entered against R.E. Grills, Inc., and we remand the cause for entry of a judgment in favor of R.E. Grills, Inc.
REVERSED AND REMANDED.
HORNSBY, C.J., and HOUSTON, KENNEDY and COOK, JJ., concur.
[1] From the record, it appears that the two-year statutory period of limitations applicable to Davison's claims expired on December 5, 1991. See § 6-2-38(1), Ala. Code 1975.
[2] See also Fisher v. Bush, supra, in which the Court dismissed an appeal from a Rule 60(b) order setting aside default judgments.