CRAWLEY, Judge.
Spriggs Enterprises (“the company”) petitions for a writ of mandamus directing the circuit court to vacate its order granting a motion filed by Jenell Fitkin (“the worker”), pursuant to Rule 60(b), Ala. R. Civ. P., for relief from a judgment dismissing her complaint for workers’ compensation benefits. We grant the petition.
On October 31, 2000, the worker sued the company, seeking workers’ compensation benefits. On December 4, 2000, the company answered and propounded to the worker interrogatories and requests for the production of documents. The worker’s attorney forwarded the interrogatories and the requests for production to the worker, who answered the interrogatories and returned her handwritten answers to her attorney. In February 2001, the company’s attorney received, in response to a subpoena, the worker’s medical records from Dr. William S. Fleet, the worker’s treating physician. In the packet of medical records from Dr. Fleet, the company’s attorney found the worker’s handwritten answers to the interrogatories. In a letter dated February 1, 2001, the company’s attorney wrote to the worker’s attorney:
“I received Dr. Fleet’s responses to my subpoena for his medical records regarding Ms. Fitkin. Interestingly, contained in his records, are my Interrogatories and Request for Production of Documents to Ms. Fitkin and some hand-written answers to those Discovery. Do you know why Dr. Fleet would have my Interrogatories of Ms. Fitkin and her answers to those interrogatories contained in his medical records?”
On February 14, the worker submitted to a deposition taken by the company’s attorney. In a letter dated February 21, the worker’s attorney replied to the company’s attorney:
*589 “I am as surprised as you to find Ms. Fitkin’s handwritten responses to your interrogatories in Dr. Fleet’s notes. Does this mean we do not need to get her answers notarized?”
The company’s attorney did not respond to the last inquiry from the worker’s attorney. On October 31, 2001, the trial court set the case for trial on January 14, 2002. On November 16, the worker’s attorney filed a motion to withdraw as the worker’s attorney. The trial court granted that motion on November 19, stating, “[The worker] has 14 days to obtain new counsel, as case is set for trial on 1/14/02.”
On December 13, the company filed a motion to compel the worker to answer its interrogatories and requests for production. On December 21, the trial court granted the motion to compel. On January 4, 2002, the company filed a motion to dismiss the worker’s complaint, alleging that the worker “had failed and refused to answer [its] interrogatories and requests for production of documents.” The trial court granted the company’s motion and dismissed the case on January 9, 2002. Six and one-half months later, on July 22, 2002, the worker, who had obtained new counsel, filed a Rule 60(b) motion, seeking relief from the judgment dismissing her workers’ compensation action. After a hearing, the trial court granted the motion. The company petitioned this court for a writ of mandamus.
“ ‘[T]he decision whether to grant or deny [a Rule 60(b) ] motion is within the sound discretion of the trial judge, and the appellate standard of review is whether the trial court abused its discretion. Pierson v. Pierson, 347 So.2d 985 (Ala.1977). In reviewing a ruling of a trial court on a Rule 60(b)(6) motion, the trial court’s decision will not be disturbed unless it is determined “that there is an absence of reasonable cause, that rights of others subsequently arising would be adversely affected, or that it is unjust.” Textron, Inc. v. Whitfield, 380 So.2d 259 (Ala.1979)(quoting Nunn v. Stone, 356 So.2d 1212 (Ala.Civ.App.1978).’
“Ex parte Dowling, 477 So.2d 400, 402 (Ala.1985).”
Osborn v. Roche, 813 So.2d 811, 815 (Ala.2001).
Rule 60(b) provides, in pertinent part:
“On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken.”
The company argues that the worker’s motion to set aside the dismissal was actually seeking relief based upon either Rule 60(b)(1) or 60(b)(3) because it was based upon allegations of “mistake, inadvertence, or neglect,” or “fraud, misrepresentation, or other misconduct of an adverse party.” The company contends that the worker’s motion, filed six and one-half months after the judgment dismissing the worker’s com *590 plaint, was untimely and could not be made timely by styling it as a Rule 60(b)(6) motion. In R.E. Grills, Inc. v. Davison, 641 So.2d 225, 229 (Ala.1994), our supreme court stated:
“The ‘catch all’ provision of clause (6) of Rule 60(b) allows a trial court to grant relief from a judgment for ‘any other reason justifying relief.’ Barnett v. Ivey, 559 So.2d 1082, 1084 (Ala.1990). ‘ “Relief under Rule 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice.” ’ Chambers County Comm’rs v. Walker, 459 So.2d 861, 866 (Ala.1984) (quoting Douglass v. Capital City Church of the Nazarene, 443 So.2d 917, 920 (Ala.1983)). Clause (6), however, is mutually exclusive of the specific grounds of clauses (1) through (5), and a party may not obtain relief under clause (6) if it would have been available under clauses (1) through (5).... Because clause (6) operates exclusively of the specific grounds listed in clauses (1) through (5), this Court has stated that a party may not escape the four-month limitation applicable to clauses (1) through (3) merely by characterizing the motion as seeking relief under clause (6).” •
641 So.2d at 229.
Although grounds for relief under Rule 60(b)(1) generally cannot be used to provide relief under Rule 60(b)(6), our supreme court has recognized an exception when, in the interest of justice, “aggravating circumstances may allow a trial court to treat what would otherwise be a Rule 60(b)(1) motion as a Rule 60(b)(6) motion.” Ex parte Wal-Mart Stores, Inc., 725 So.2d 279, 284 (Ala.1998). See also R.E. Grills, Inc. v. Davison, supra; Ex parte Oden, 617 So.2d 1020 Ala.1992); Giles v. Giles, 404 So.2d 649 (Ala.1981).
In Giles, the court quoted the following from 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2864 (1973):
“ ‘A quite typical kind of case is that in which a party comes in more than a year [four months] after judgment to assert that he is the victim of some blunder by his counsel. Claims of this kind seem to fit readily enough within such grounds as mistake, inadvertence, and excusable neglect, all stated in clause (1) [of Rule 60(b)], and courts frequently have so reasoned and held that clause (6) was inapplicable. But if the court is persuaded that the interests of justice so require, it is likely to find aggravating circumstances sufficient to permit it to say that the case is properly within clause (6).’ ”
404 So.2d at 651. Our supreme court, however, has generally limited the “aggravating circumstances” exception to
“ ‘circumstances where the dismissal was the result of mistake, inadvertence, or neglect of counsel and where, despite all diligence exercised to protect his own interests, the client was unable to reasonably protect his interests because he was misled about the status or conduct of his case by his counsel.’ ”
Ex parte Wal-Mart Stores, Inc., 725 So.2d at 284 (quoting R.E. Grills, Inc. v. Davison, 641 So.2d at 230) (emphasis added). See also R.J. Reynolds Tobacco Co. v. Cantley, 717 So.2d 751, 758 n. 3 (Ala.1998); Ex parte Oden, 617 So.2d at 1027. According to the court, the aggravating circumstances exception
“applies to an extraordinary circumstance not contemplated by Rule 60(b)(1), for the purpose of protecting the public, vindicating the judicial process, and promoting the public’s confidence in the legal system.”
*591 R.E. Grills, Inc. v. Davison, 641 So.2d at 230; Ex parte Oden, 617 So.2d at 1027.
The worker’s Rule 60(b) motion did not allege mistake, inadvertence, or negleet by her attorney. It did not attribute the dismissal of her workers’ compensation complaint to a blunder by her own counsel. Instead, it attributed the dismissal of the complaint to a misrepresentation by the company’s counsel. The worker argues that aggravating circumstances are present because counsel for the company waited until her original attorney had withdrawn to inform the trial court that she had failed to respond to discovery. The worker’s Rule 60(b) motion alleged that counsel for the company misinformed the trial court that the worker “had failed and refused to respond to discovery” when, the worker claimed, the company’s counsel knew that the worker had answered its interrogatories and had submitted to a deposition. The flaw in that argument is that the worker also knew that she had answered the employer’s interrogatories and had submitted to a deposition.[1] Therefore, the worker bore substantial responsibility for apprising the trial court that she had not failed and refused to respond to discovery. See Ex parte Wal-Mart Stores, Inc., 725 So.2d 279 (Ala.1998).
In Ex parte Wal-Mart Stores, the Alabama Supreme Court reversed a judgment of this court that had affirmed a trial court’s setting aside a worker’s compensation settlement on Rule 60(b)(6) grounds. After the judge who approved the settlement recused himself and assigned the Rule 60(b)(6) proceeding to another judge, the first judge testified, in a hearing on the Rule 60(b)(6) motion, that he would not have approved a worker’s compensation settlement if he had known (1) that the worker had a separate retaliatory-discharge action pending and (2) that the language of the settlement precluded the worker’s bringing the retaliatory-discharge action. The supreme court held that the first judge’s testimony “amount[ed] to a claim that he entered the judgment because he was under a mistaken impression as to the existence of certain facts, and perhaps also as to the legal effect of the settlement’s preclusive language.” 725 So.2d at 285. Rejecting the mistaken-impression-of-the-facts claim, the court held:
“[I]t appears that [the client] himself shoulders substantial responsibility for [the trial judge’s] lack of awareness. When he appeared before [the trial judge] to have the settlement approved, [the client] was obviously aware that he had filed a retaliatory-discharge claim and that he had retained counsel, yet he failed to notify [the trial judge] of these facts.”
725 So.2d at 285.
We conclude that the worker was not diligent about protecting her own interests. She was served with notice of the company’s motion to compel and motion, to dismiss, yet she responded to neither. Despite the fact that she was not represented by counsel when those motions were filed, the worker bore the responsibility for tracking the progress of her own action.
“[L]ack of counsel is not a valid grounds for setting aside a judgment under Rule 60(b). Porter v. Mobile Pulley & Machine Works, 507 So.2d 529, 530 (Ala.Civ.App.1987).... ‘A party remains under a duty to take the legal steps necessary to protect [her] own interests.’ McDaniel [v. McDaniel, 694 So.2d 34, 36 (Ala.Civ.App.1997) ].”
*592 State ex rel. Croson v. Croson, 724 So.2d 36, 38 (Ala.Civ.App.1998). See also Ex parte Wal-Mart Stores, Inc., 725 So.2d at 285 n. 5; Briscoe v. Briscoe, 600 So.2d 290, 292 (Ala.Civ.App.1992).
The worker had not been misled by her own counsel of the status of her case. She knew, at the time the dismissal was entered, that she had answered the company’s interrogatories and that she had submitted to a deposition by the company. Nevertheless, she failed to bring those facts to the trial court’s attention by a postjudgment motion within 30 days of the order dismissing her complaint and she failed to appeal the order dismissing her complaint.
“ ‘[RJelief should not be granted to a party who has failed to do everything reasonably within his power to achieve a favorable result before the judgment becomes final; otherwise, a motion for such relief from a final judgment would likely become a mere substitute for appeal and would subvert the principle of finality of judgments.... Rule 60 is no substitute for an appeal and is not available to relieve a party from his failure to exercise the right of appeal.’ ”
Osborn v. Roche, 813 So.2d 811, 818 (Ala.2001) (quoting Patterson v. Hays, 623 So.2d 1142, 1145 (Ala.1993)).
“Rule 60(b) requires that a motion for relief from a judgment based on fraud or misconduct of an adverse party be filed within four months of the judgment .... This was a delay of more than four months, and the delay made the motion untimely. We hold that the entry of the [Rule 60(b)] order was an abuse of discretion in that it granted relief on an untimely petition.”
Ex parte Third Generation, Inc., 820 So.2d 89, 91 (Ala.2001) (footnote omitted).
“Mandamus is an extraordinary writ and will issue only when (1) the petitioner has demonstrated a clear legal right to the relief sought; (2) the respondent has a duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) appellate jurisdiction is properly invoked. Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000). Because mandamus is an extraordinary remedy, this court’s standard of review is simply to determine whether the trial court has clearly abused its discretion. Ex parte King, 776 So.2d 31 (Ala.2000).”
Ex parte Winn-Dixie Montgomery, Inc., [Ms. 2010765, October 25, 2002] (Ala.Civ.App.2002).* The trial court’s grant of the worker’s motion for relief from the dismissal is not supported by any of the grounds listed in Rule 60(b). Therefore, we conclude that the trial court clearly abused its discretion by granting the worker’s Rule 60(b) motion. We, therefore, grant the company’s petition for the writ of mandamus and instruct the trial court to vacate its order granting the worker’s Rule 60(b) motion.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
YATES, P.J., dissents.

. Although the handwritten responses to the interrogatories were neither signed nor notarized, we will assume, for purposes of this opinion, that they constituted the worker’s answers to the interrogatories propounded by the company.

 Note from the reporter of decisions: On January 31, 2003, on application for rehearing, the Court of Civil Appeals withdrew its October 25, 2002, opinion and substituted a new one. The language quoted from the October 25, 2002, opinion appears in the January 31, 2003, opinion, with some minor modification.