SHORES, Justice.
Mohan Nair, as agent or employee of M-R Laboratories Research & Development, Inc. (hereinafter “M-R Labs”), came to Dothan and sought to sell Kirit K. Joshi securities in M-R Labs. In November 1988, M-R Labs was a business allegedly operating in New Jersey for the purpose of importing and distributing latex examination gloves. In the business proposal attached to Nair’s offer to sell securities, Nair said that M-R Labs had agreements “written with the most reliable companies from Taiwan and Korea who maintain a standard that is at par with the US manu *1297 facturers.” The business projection, also included with the offer, said that Joshi would receive a 5.07% monthly return on his investment.
Nair travelled to Dothan to pick up Jo-shi’s check for $10,000 made out to M-R Labs. The president of M-R Labs, Frank Ramesh, signed a promissory note confirming Joshi’s payment and promising him 12% interest per annum. Nair, by letter, told Joshi he could expect a 60% return on his investment.
On March 6, 1989, Joshi wrote Nair explaining that he was not comfortable with the way in which the promissory note was written. Joshi asked Nair to make a new promissory note to include a payment schedule and a personal guarantee from Nair and his partners. Joshi also asked Nair to list the names, addresses, and telephone numbers of the other investors.
On March 27, 1989, Joshi wrote Nair again asking for a new promissory note. Joshi told Nair if he did not receive the note he would withdraw his investment from M-R Labs. Nair orally promised to send Joshi a personal guarantee, but Joshi never received anything from Nair. Finally, Joshi wrote Nair that he was withdrawing his investment because he had received no personal guarantee.
Nair never returned Joshi’s $10,000. Once Nair received the money, he failed to keep Joshi informed of his business operation and location. Nair never provided Jo-shi with information concerning his investment. Joshi wanted his money back. Jo-shi called Nair at the place of business Nair had listed on his letterhead, but telephone service had been disconnected. Joshi was unable to find a forwarding address or telephone number for M-R Labs.
With the help of the former employer of Nair’s wife, Joshi learned that the Nairs had moved from New Jersey to Pennsylvania. Joshi called Nair’s wife at her new place of employment and got Nair’s new telephone number. On or about September 19, 1989, Nair returned Joshi’s call and promised to return Joshi’s $10,000 by December 9, 1989. Nair failed to pay as promised. He also made subsequent promises to return Joshi’s money, but failed to do so.
Joshi began investigating M-R Labs. The State of New Jersey’s commercial division could not find a registration of M-R Labs and the State of Pennsylvania’s commercial division issued a certificate indicating that no such corporation existed in that state. Nair has since produced a copy of a certificate of incorporation for M-R Labs from the State of New Jersey filed December 31, 1986.
On November 9, 1990, Joshi sued Nair, M-R Labs, and Frank Ramesh, alleging intentional misrepresentation in the sale of securities, and requesting compensatory and punitive damages. Nair did not answer the complaint. A default judgment was entered on May 18, 1990, against all three defendants ($10,000 compensatory damages, $1,600 interest, and $2,000 attorney fees). Joshi moved to set aside the default judgment against M-R Labs and Frank Ramesh and to award punitive damages against Nair. On May 30, 1990, the court set aside the judgment against M-R Labs and Ramesh and amended the judgment against Nair to include $75,000 in punitive damages.
On September 27, 1990, Nair filed a motion for relief from judgment under Rule 60(b), A.R.Civ.P., alleging that his failure to respond to the original complaint had been the result of mistake or excusable neglect. The trial court denied Nair’s motion, and Nair appealed.
Rule 60(b) provides in pertinent part:
“On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, re *1298 leased, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.”
The grant or denial of a motion for relief from judgment under Rule 60(b)(1) is a matter within the discretion of the trial court and the trial court’s ruling will be reversed only for an abuse of that discretion. In this case, we find no abuse of discretion.
Nair admittedly received by way of certified mail a copy of the summons and complaint. He elected not to respond to the summons. He says, but offers no admissible evidence to support his allegation, that a Pennsylvania lawyer advised him that he need not file a response to the complaint and that the matter should be litigated in Pennsylvania. Therefore, he says, his failure to file an answer to the complaint was not the result of a mistake, inadvertence, surprise, or excusable neglect. If Nair’s hearsay statements are true, then we must conclude that he failed to respond to the complaint because of a deliberate choice and not because of a mistake, inadvertence, surprise, or excusable neglect. A mistake of law is not a basis for setting aside a judgment under Rule 60(b)(1). Daugherty Associates v. Silmon, 535 So.2d 135 (Ala.1988).
It is unlawful to offer or sell any security in this State unless it is registered or exempt under Alabama Code 1975, § 8-6-10, § 8-6-11. The trial court could have concluded that Nair, in violation of Alabama law, came to Dothan seeking investors in a dubious scheme, made outrageous representations about the expected return on the investment; that once he had Joshi’s $10,000 he disappeared; and that when he was sued he elected not to respond. It was only after Joshi began efforts to collect his judgment in New Jersey, where he was finally able to locate Nair, that Nair sought relief from the default judgment entered against him. Even then, he did not offer a meritorious defense to the complaint. We can not say that the trial court abused its discretion in denying the relief sought.
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX and KENNEDY, JJ., concur.
HOUSTON, J., concurs specially.