The defendant, Alfa Mutual General Insurance Company, petitions for a writ of mandamus ordering the trial court to set aside its order granting the Rule 60(b), Ala.R.Civ.P., motion for relief from judgment filed by the plaintiff, John B. Ledbetter. This is Alfa's second petition for a writ of mandamus concerning the same underlying fraud action.
On January 5, 1996, we issued a writ of mandamus in favor of Alfa. In our opinion, we stated:
 "Ledbetter filed a fraud action against Alfa, claiming that one of Alfa's agents had made misrepresentations to him concerning the cancellation of an automobile insurance policy. In deposition testimony, Ledbetter stated that he had spoken with no one at Alfa except his Alfa insurance agent concerning the policy. However, Ledbetter admitted in the deposition that the agent did not lie to him and that he considered the agent to have been helpful and honest.
 ". . . Alfa moved for a summary judgment, based upon Ledbetter's deposition testimony. The court [after a hearing] on January 9, 1995, granted Alfa's motion and entered a summary judgment in its favor. On January 13, 1995, Ledbetter filed a 'motion to reconsider,' . . . contending that 'this is a fraud case involving genuine issues of material fact and [that] the Defendant is not entitled to a judgment as a matter of law.' The court conducted a hearing on the motion on March 6, 1995, and on May 31, 1995, entered an order purporting to set aside Alfa's summary judgment.
 "It may be helpful to review pertinent events in this case:
 "January 9, 1995: The trial court entered a summary judgment for Alfa.
 "January 13, 1995: Ledbetter filed his 'motion to reconsider.'
 "April 13, 1995: This was the 90th day from the filing of the 'motion to reconsider.'
 "May 31, 1995: The trial court purported to grant Ledbetter's motion and to vacate the summary judgment; this was 138 days after Ledbetter's motion was filed.
 "It is clear from the substance of Ledbetter's motion, particularly when that motion is examined in light of this Court's prior decisions regarding Rule 59.1, that that motion is a Rule 59(e) motion to alter, amend, or vacate the judgment. It is not a Rule 60 motion. . . . A Rule 60 motion is *Page 1049 
not governed by Rule 59.1. However, a Rule 59(e) motion is clearly subject to the provisions of Rule 59.1. Although the 90-day period for the trial court to rule could have been extended either through the mutual consent of the parties or by an order of this Court, pursuant to Rule 59.1, no consent appears of record and this Court had not extended the time. Therefore, Ledbetter's motion was deemed denied by operation of law on April 13, 1995, 90 days after it was filed, and the trial court was without jurisdiction to rule on the motion after April 13, 1995.
 ". . . The trial court's order of May 31, 1995, purporting to vacate the summary judgment is due to be set aside."
Ex parte Alfa Mutual Gen. Ins. Co., [Ms. 1941403, January 5, 1996] ___ So.2d ___ (Ala. 1996).
On August 8, 1995, after Alfa had already filed in this Court its first petition for a writ of mandamus, Ledbetter moved for relief from the judgment, under Rule 60(b)(1).[1] On November 20, 1995, the trial court granted Ledbetter's motion. Alfa then filed this second petition for a writ of mandamus, asserting that the trial court had erred in granting Ledbetter's motion for relief from the judgment.
Interlocutory orders are not ordinarily reviewable, but in certain very narrow situations courts allow immediate review of such orders,[2] the principal vehicle for immediate review being a petition for the extraordinary writ of mandamus. An aggrieved party seeking relief from an interlocutory order via a writ of mandamus must demonstrate: "(1) a clear legal right . . . to the order sought; (2) an imperative duty upon the respondent [in this case the trial judge] to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parteEdgar, 543 So.2d 682, 684 (Ala. 1989) (citing Barber v.Covington County Comm'n 466 So.2d 945 (Ala. 1985)). Clearly, Alfa is entitled to a writ of mandamus if it can demonstrate that it was denied the benefit of a final judgment in its favor in the underlying action through the trial judge's improper entry of an order purporting to grant Ledbetter's Rule 60(b) motion for relief from the judgment.[3]
In his motion seeking Rule 60(b) relief, Ledbetter asserted that he was entitled to relief from the judgment because:
 "[A]t some point in time well before May 31, 1995, the undersigned attorney for the plaintiff had a telephone conversation with the attorney . . . for Alfa wherein the applicability of Rule 59.1 of the Alabama Rules of Civil Procedure was discussed and the attorney for Alfa stated in substance that he did not know whether the 90-day limitations period set forth in Rule 59.1 was applicable in the instant case.
 ". . . [T]he plaintiff's belief that the 90-day limitations period set forth in Rule *Page 1050 
59.1 of the Alabama Rules of Civil Procedure did not apply to a Motion to Reconsider a summary judgment was reasonable under the circumstances.
 ". . . If the plaintiff has a meritorious claim, it should be decided on the facts and applicable law and not dismissed on a procedural technicality.
 ". . . [T]his case involves unusual or extraordinary circumstances and the dismissal of the case on a procedural technicality would impose extreme hardship or injustice on the plaintiff."
Ledbetter premised his Rule 60(b) motion on his single assertion that he should be relieved from the adverse judgment in favor of Alfa because his attorney misunderstood the operative effect of Rule 59.1 and, thus, failed to file a timely notice of appeal from the judgment. It is well established under our law, however, that a mistake of law is not a ground for relief under Rule 60(b)(1). Nair v. Joshi,578 So.2d 1296 (Ala. 1991); Daugherty Associates v. Silmon,535 So.2d 135 (Ala. 1988). Because Ledbetter's Rule 60(b) motion offered no proper basis for granting relief from the judgment, we must conclude that the trial court's granting of that motion constituted an abuse of discretion.
WRIT GRANTED.
HOOPER, C.J., and ALMON, INGRAM, and BUTTS, JJ., concur.
[1] Although Ledbetter initially sought relief under Rule 60(b)(6), and later amended his motion to seek relief under Rule 60(b)(1), the essence of his motion was that the judgment was due to be set aside on the grounds of mistake, inadvertence, or excusable neglect. The nomenclature of a motion is not controlling under our Rules of Civil Procedure, see Ex parte Lang, 500 So.2d 3 (Ala. 1986); therefore, we will treat Ledbetter's motion as one for relief under Rule 60(b)(1).
[2] The granting of a Rule 60(b) motion, unlike the denial of a Rule 60(b) motion, is almost always an interlocutory order, and, therefore, not immediately appealable. Any overly broad language to the contrary contained in Sanders v. BlueCross-Blue Shield of Alabama, Inc., 368 So.2d 8, 9 (Ala. 1979), was clearly distinguished by this Court in Ex parte Short,434 So.2d 728, 730 (Ala. 1983), which states:
 "The grant of a Rule 60(b) motion is generally treated as interlocutory and not appealable. Fisher v. Bush, 377 So.2d 968 (Ala. 1979); Wright Miller, Federal Practice and Procedure: Civil, § 2871 (1973). It is only in some situations that an order granting relief under Rule 60(b) is treated as a final judgment for purposes of appeal. See, Sanders v. Blue Cross-Blue Shield of Alabama, Inc., 368 So.2d 8 (Ala. 1979). But these situations [, where the grant of a Rule 60(b) motion leaves no proceedings to be carried out in the court granting the motion,] are the exception rather than the rule. "
[3] This is true despite the fact that Alfa could appeal from any adverse final judgment entered after trial, because "we do not find an appeal in this case, after much delay and expense, to be 'adequate.' " Ex parte Short, 434 So.2d 728, 730 (Ala. 1983).