Robert Comalander, Jr., appeals from the trial court's denial of his postjudgment motion made pursuant to Rule 59 and Rule 60, Ala.R.Civ.P. We reverse the judgment of the trial court and remand the case to that court with directions.
Comalander contracted with George and Amy Spottswood ("the Spottswoods") to build a house for the Spottswoods. After the house was built, Comalander sued the Spottswoods, alleging breach of contract and seeking to enforce a materialman's lien in the amount of unpaid invoices for the construction of the house. The Spottswoods counterclaimed, alleging negligence, fraud, and slander of title. Although Comalander had retained his own attorney to represent him in his claims against the Spottswoods, Comalander's insurance carrier provided an attorney to defend Comalander against the Spottswoods' counterclaims. Thus, when the case proceeded to trial Comalander was represented by two attorneys, one representing him in his claims against the Spottswoods and the other representing him in defense of the Spottswoods' counterclaims.
During the charge conference, the trial court stated that it would not charge the jury that the parties were entitled to a setoff. Instead, the trial court stated that it, not the jury, would calculate the amount of any setoff, in the event the jury awarded damages on both Comalander's and the Spottswoods' claims. The trial court also stated during the charge conference that it would calculate and fix the interest of an award in favor of Comalander. (Comalander's invoices provided that a charge of 18% per year would be added to any balance remaining unpaid after 30 days.) Neither party objected to the trial court's rulings at the charge conference.
While the jury was deliberating, Comalander's insurance counsel, with the knowledge and consent of Comalander's personal counsel,[1] entered into a settlement agreement with the Spottswoods. Pursuant to the agreement, the Comalander was to pay the Spottswoods a maximum amount of $400,000 and a minimum amount of $200,000. The agreement stated that there was to be "[n]o appeal on counterclaim issues by either party." It further stated: "This agreement is to settle all claims [the] Spottswoods have against Comalander." Finally, it stated: "This agreement waives no defenses as to Comalander's claims against the Spottswoods." Comalander's insurance counsel and the Spottswoods' counsel signed the agreement.
The jury returned a verdict in favor of Comalander in the amount of $80,766.11. *Page 1088 
The jury also returned a verdict in favor of the Spottswoods, on their counterclaims, in the amount of $41,300. The trial court set off the two verdicts and then added interest to the final amount. Thus, the trial court entered a judgment in favor of Comalander in the sum of $39,466 plus interest in the amount of $13,369.
The verdict in favor of the Spottswoods and against Comalander was substantially below the $200,000 floor set in the settlement agreement. American Insurance Company, Comalander's insurance carrier, has tendered two checks to the Spottswoods, totaling $200,000. According to the Spottswoods' brief, those checks have not been negotiated because of "a misrepresentation [in the cover letter] concerning the purpose of the payment."
Comalander filed a postjudgment motion under Rule 59, Ala.R.Civ.P., to alter or amend the trial court's judgment, and Rule 60, Ala.R.Civ.P., for relief from the judgment, arguing that because the parties had already entered into a settlement agreement, pursuant to which the Spottswoods would be paid $200,000, the verdict in his favor should not have been set off. In the alternative, Comalander argued that the trial court erred when it set off the amount of Comalander's verdict before adding interest, thereby reducing his entire verdict. The trial court held a hearing on the matter and denied Comalander's postjudgment motion. The trial court stated:
 "The court is of the opinion that the judgment reflects the agreement reached at the charge conference. The plaintiff . . ., on his individual claims, was not a party to the undisclosed settlement agreement reached between his insurance carrier and the defendant's counter plaintiffs; therefore, the court denies the plaintiff's post-trial motions."
Comalander appeals the denial of his postjudgment motion.
Comalander argues that the trial court erred when it set off the verdicts in favor of Comalander and the Spottswoods. According to Comalander, when the Spottswoods agreed to settle their counterclaims against Comalander for a maximum amount of $400,000 and a minimum of $200,000, there remained no claims against Comalander to set off against the verdict in his favor. Comalander argues that the trial court's setoff of the verdict in his favor improperly allowed the Spottswoods to recover twice for the same injury. In the alternative, Comalander argues that the trial court improperly set off the verdicts before fixing interest on Comalander's verdict.
As to Comalander's substantive claims, the Spottswoods argue that Comalander waived his right to challenge the setoff of his verdict because Comalander did not object to the trial court's ruling during the charge conference that it, and not the jury, would compute the setoff. The Spottswoods also argue that by paying the $200,000 minimum required under the settlement agreement, Comalander waived his right to challenge the trial court's application of the setoff. Further, the Spottswoods argue that whether to allow a setoff lies within the sound discretion of the trial court. The Spottswoods say that it was within the trial court's discretion to determine how it would apply the setoff and calculate the interest in this case. Finally, the Spottswoods argue that setoff is a defense, and, therefore, the clear language of the settlement agreement reserved the Spottswoods' right to claim a setoff. Comalander argues, in response, that setoff is not a defense but rather a counterclaim the Spottswoods waived by signing the settlement agreement. *Page 1089 
The Spottswoods have also filed a motion to dismiss Comalander's appeal, arguing that the settlement agreement prohibited either party from appealing. The settlement agreement between Comalander and the Spottswoods contained a provision stating, "No appeal on Counterclaim issues by either party." The Spottswoods argue that, in the event this Court agrees with Comalander and holds that a setoff is a counterclaim, the settlement agreement prevents Comalander from appealing as to the setoff issue.
Comalander argued in his postjudgment motion that, based upon the settlement agreement, the Spottswoods agreed to accept a minimum payment of $200,000 and a maximum of $400,000 to settle all claims the Spottswoods had against Comalander. According to that motion, because his insurance company, acting on his behalf, had tendered payment of the $200,000 stated in the settlement agreement, the setoff of Comalander's jury verdict allowed the Spottswoods to recover twice for the same injury. The Spottswoods then filed a motion in opposition to Comalander's Rule 59 and 60 motion; in their motion the Spottswoods argued that the settlement agreement stated that the Spottswoods waived no defenses as to Comalander's claims against them, and setoff, they argued, is a defense. Thus, both Comalander's Rule 59 and 60 motion to alter or amend the trial court's judgment and the Spottswoods' subsequent motion in opposition to Comalander's Rule 59 and 60 motion specifically placed before the trial court the issue of the construction of the settlement agreement.
The trial court's order, recorded in the case action summary, clearly indicates that the trial court did not interpret the settlement agreement when it ruled on Comalander's Rule 59 and 60 motion. Rather, the trial court apparently declined to engage in construction and enforcement of the settlement agreement based upon its finding that Comalander, as to his individual claims, was not a party to the settlement agreement. However, Comalander and the attorney representing Comalander on his claims against the Spottswoods have both stipulated that they were advised of the settlement agreement and that they consented to the settlement agreement.
This Court has held that all settlement agreements entered into by attorneys at the trial level are governed by § 34-3-21, Ala. Code 1975. Holmes v. Sanders, 729 So.2d 314, 316 (Ala. 1999); Ex parte Sims,627 So.2d 380 (Ala. 1993). Section 34-3-21 provides: "An attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court." Comalander was represented by two attorneys in the case — one of whom represented Comalander in his claims against the Spottswoods and the other represented him in defense of the Spottswoods' counterclaims. However, both attorneys, as far as the record reflects, had full authority to act on behalf of Comalander. The record suggests that Comalander's attorneys had a de facto division of authority; however, the record does not contain a document dividing their authority. While the two attorneys may have had separate responsibilities at trial as a matter of convenience, each attorney filed an appearance on behalf of Comalander in his individual capacity and each had the authority to enter into a settlement agreement on Comalander's behalf. Comalander's insurance counsel defended Comalander against the Spottswoods counterclaims, and he therefore had the authority to bind Comalander to the terms of a settlement agreement. *Page 1090 
In general, the decision whether to grant or to deny a postjudgment motion filed pursuant to Rule 59 or Rule 60 is within the sound discretion of the trial court, and the exercise of that discretion will not be disturbed on appeal unless the trial court abused its discretion. See Flagstar Enters., Inc. v. Foster, 779 So.2d 1220, 1221 (Ala. 2000). In the present case, the parties' postjudgment motions raised the issue of the construction of the settlement agreement. In order to dispose of the postjudgment motions, the trial judge had to interpret the settlement agreement and render a judgment consistent with its interpretation of the settlement agreement. Because the record indicates that the trial court did not consider the terms of the settlement agreement when it ruled on Comalander's postjudgment motion, we reverse the judgment of the trial court and remand the case for the trial court to construe the terms of the settlement agreement and to rule on Comalander's postjudgment motion in accordance with its construction of the settlement agreement. In doing so, we do not reach the merits of Comalander's substantive claims.
REVERSED AND REMANDED WITH DIRECTIONS.
Moore, C.J., and Houston, See, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
Lyons, J., recuses himself.
[1] The information concerning the knowledge and consent of Comalander's personal counsel was provided by a stipulation filed after the trial court denied Comalander's postjudgment motion and was signed by Comalander's two attorneys.