WOODALL, Justice.
 

 Wallace, Jordan, Ratliff & Brandt, L.L.C.; Stephen P. Leara; MGLCO Holdings, LLC; and OPM Holdings, L.L.C. (hereinafter referred to collectively as “the petitioners”), defendants in an action filed by Richard Scott Perkins and David R. Gulledge, petition for a writ of mandamus directing the trial court to set aside its order granting Perkins and Gulledge’s Rule 60(b), Ala. R. Civ. P, motion for relief from judgment. We grant the petition and issue the writ.
 

 Perkins and Gulledge filed their complaint against the petitioners on August 14, 2008, in the Jefferson Circuit Court. At that time, several related cases were pending in the Jefferson Circuit Court and the Shelby Circuit Court. In response to the complaint, some of the petitioners and another defendant, CapitalSouth Bank, filed motions to dismiss. On November 12, 2008, the trial court dismissed the action
 
 *177
 
 “without prejudice to the plaintiffs’ ability to prosecute their claims in other actions filed prior to this one and based on the same nucleus of facts.”
 

 On January 8, 2009, 57 days after the action had been dismissed, Perkins and Gulledge filed a motion for “an order reinstating [the] matter to the active trial docket.” As grounds, the motion stated:
 

 “1. That this is a complex case with various lawsuits filed in Jefferson and Shelby County circuit courts.
 

 “2. That the parties have been involved in mediation in the various lawsuits and attended two days of mediation prior to the end of the year and have another day for mediation which is being scheduled.
 

 “3. That the Shelby County cases have now been transferred to Jefferson County and as was discussed in the motions previously heard before Your Honor, those cases were planned to be consolidated with the cases pending in Jefferson County.
 

 “4. That the Court had indicated at the hearing on the motion to dismiss that no action would be taken until it could be determined after a meeting and agreement by the parties in which jurisdiction and before which Court these matters could all be heard.
 

 “5. That pursuant to Rule 60(b) of the Alabama Rules of Civil Procedure this matter is due to be reinstated and plaintiffs request such other relief to which they may be entitled.”
 

 The petitioners filed an objection to the motion to reinstate, arguing, in pertinent part, that the motion asserted “no grounds ... under Rule 60 that would justify the reinstatement.”
 

 On February 2, 2009, the trial court granted the motion and reinstated the case to the active docket. More specifically, the order provided that “the claims against CapitalSouth Bank are abated, while the claims against the other defendants remain for adjudication.” The petitioners now seek a writ of mandamus directing the trial court to set aside the order it entered on February 2, 2009.
 

 Rule 60(b), Ala. R. Civ. P., states, in pertinent part:
 

 “On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.”
 

 “A petition for the writ of mandamus is a proper method for attacking the grant of a Rule 60(b) motion.”
 
 Ex parte A&B Transp., Inc.,
 
 8 So.3d 924, 931 (Ala.2007). “In general, the decision whether to grant or to deny a post-judgment motion filed pursuant to ... Rule 60 is within the sound discretion of the trial court, and the exercise of that discretion will not be disturbed ... unless the trial court [exceeded] its discretion.”
 
 Comalander v. Spottswood,
 
 846 So.2d 1086, 1090 (Ala.2002). However, “[a] party seeking relief must both allege and prove one of the grounds set forth in Rule 60 in order to be granted relief under that rule.”
 
 *178
 

 Ex parte American Res. Ins. Co.,
 
 663 So.2d 932, 936 (Ala.1995). Thus, where a “Rule 60(b) motion offer[s] no proper basis for granting relief from the judgment, ... the trial court’s granting of that motion [exceeds its] discretion.”
 
 Ex parte Alfa Mut. Gen. Ins. Co.,
 
 681 So.2d 1047, 1050 (Ala.1996).
 

 The petitioners argue that the trial court exceeded its discretion in setting aside the judgment of dismissal because, according to them, the “motion did not allege any basis under Rule 60(b) and [Perkins and Gulledge] did not submit any evidence proving a ground under Rule 60(b).” Petition, at 8. We agree. The motion cites no allegedly applicable subsection of Rule 60(b), and none of the grounds set forth in the rule are mentioned in the motion. Moreover, Perkins and Gulledge offered no evidence, by affidavit or otherwise, in support of the motion. Thus, we must conclude that the trial court exceeded its discretion in granting the motion.
 

 We have not ignored Perkins and Gul-ledge’s arguments; instead, we conclude that they have no merit. According to Perkins and Gulledge, “[c]learly, the [grounds] of [Rule] 60(b)(1) were alleged and the court could have found that the judgment was due to be set aside on the grounds of mistake or excusable neglect.” Perkins and Gulledge’s brief, at 6. However, as the petitioners point out, “the grounds of excusable neglect or mistake are not only not clearly alleged, they are not even mentioned.” Petitioners’ reply brief, at 2. Furthermore, before this Court, Perkins and Gulledge do not explain how any of the grounds in their motion could be reasonably construed as evidencing mistake or excusable neglect.
 

 Rule 60(b)(6) provides that, in addition to the grounds listed in Rule 60(b)(1) through (5), a judgment may be set aside for “any other reason justifying relief from the operation of the judgment.” Under this subsection, “relief is granted only in those extraordinary and compelling circumstances when the party can show the court sufficient equitable grounds to entitle him to relief, but relief should not be granted to a party who has failed to do everything reasonably within his power to achieve a favorable result before the judgment becomes final.”
 
 Patterson v. Hays,
 
 623 So.2d 1142, 1145 (Ala.1993). Perkins and Gulledge argue that, “under the catchall provisions of Rule 60(b)(6), the court could have found that the equitable relief requested in the motion justified a granting of relief under that provision.” Perkins and Gulledge’s brief, at 4. However, as the petitioners point out, the “motion does not refer to Rule 60(b)(6) or state the language used in Rule 60(b)(6).” Petitioners’ reply brief, at 11. Furthermore, because Perkins and Gulledge did not file a timely Rule 59(e), Ala. R. Civ. P., motion or an appeal, it cannot be said that they did everything reasonably within their power to achieve a favorable result. See
 
 Osborn v. Roche,
 
 813 So.2d 811, 818 (Ala.2001).
 

 For these reasons, we grant the petition and issue a writ of mandamus directing the trial court to set aside its February 2, 2009, order granting the Rule 60(b) motion for relief from judgment filed by Perkins and Gulledge.
 

 PETITION GRANTED; WRIT ISSUED.
 

 COBB, C.J., and SMITH, PARKER, and SHAW, JJ., concur.