PITTMAN, Judge.
R.Y. (“the mother”) appeals from the Montgomery Juvenile Court’s denial of her motion to alter, amend, or vacate that court’s final judgment finding Z.Y. (“the child”) dependent, divesting the mother of custody of the child, and awarding custody to C.G. and B.G. We reverse and remand.
The record discloses that the juvenile court entered its final judgment in this case on June 19, 2009. Under Rule 1(b), Ala. R. Juv. P., and Rule 6(a), Ala. R. Civ. P., the mother was required to file her postjudgment motion by the end of the 14th day after June 19, which was Friday, July 3, 2009; however, that day was observed in 2009 as the Independence Day holiday, and the state’s judicial offices were closed on that day. Rule 6(a), Ala. R. Civ. P., further provides that when the last day of a party’s period to file a motion falls on a legal holiday, the period for filing extends until the end of the next day that is not a Saturday, Sunday, or legal holiday. Hence, the last day on which the mother could have timely filed a postjudgment motion was Monday, July 6, 2009.
The mother filed her motion on Monday, July 6, 2009, and the juvenile-court clerk stamped the motion as having been “received” at 4:55 p.m. that day. However, on July 7, 2009, the juvenile court, although apparently conceding that the mother’s postjudgment motion had been filed in a timely manner, nonetheless purported to deny the motion as “untimely” The court wrote the following order directly on the case-action-summary sheet:
“[The mother’s motion] to [alter, amend, or vacate was] filed out of time. Although the 14th day fell on Friday, 7/3/09 which was a state holiday, [the mother] had the option of filing the motion prior to expiration of 14 days or, in [the] alternative, of faxing [the] motion to [the] clerk on [the] 14th day which would have carried a date stamp of 7/3/09.[1] Either would ensure timely filing. [The m]otion [was] filed at 4:55 *1092 P.M. 7/6/09. Motion is denied as untimely filed.”
The juvenile court’s denial of the mother’s postjudgment motion as “untimely” was in clear violation of Rule 6(a), Ala. R. Civ. P. See, e.g., Sanders v. Smitherman, 776 So.2d 68, 72 (Ala.2000) (concluding that materials were timely filed when submitted by a party two days after a due date that had been established by a trial court when that date and the day after were both holidays). However, our conclusion does not, in and of itself, require reversal. Rule 61, Ala. R. Civ. P., and Rule 45, Ala. R.App. P., require that this court examine whether the juvenile court’s error affects the “substantial rights” of the aggrieved party; if no such effect is found, the juvenile court’s judgment should not be reversed.
In her postjudgment motion, the first and last pages of which appear in the record on appeal, the mother asserted as a ground for altering, amending, or vacating the judgment that there was no clear and convincing evidence presented to support a finding of dependency, as was required by former § 12-15-65(f), Ala.Code 1975, in dependency cases filed before January 1, 2009. The mother also requested a hearing, which, under Rule 59(g), Ala. R. Civ. P., the juvenile court was required to provide.
Because the mother has challenged the sufficiency of the evidence to support the juvenile court’s finding of dependency, and the juvenile court heard the testimony of witnesses, we are unable to conclude that the juvenile court’s error is harmless as a matter of law. We further conclude that the mother’s motion has at least probable merit. Undisputed evidence was presented that tended to prove that during some periods preceding the initiation of this case, the child’s dependency might have been provable by clear and convincing evidence. However, the mother presented testimony and documentary evidence tending to prove that at least from the time this case was brought in August 2008, and likely for some time preceding that date, the mother’s home was suitable and appropriate for the child; that evidence included the report of more than one investigation by representatives of the State Department of Human Resources (“DHR”) that found that DHR intervention was “not indicated” and a report by a DHR investigator provided in support of this litigation that declared the mother’s home suitable and appropriate. Absent clear and convincing evidence supporting a finding of dependency, a juvenile court cannot divest a parent of his or her parental rights, see, e.g., L.M. v. D.D.F., 840 So.2d 171, 173 (Ala.Civ.App.2002); moreover, the child must be dependent at the time the juvenile court enters its judgment — not just in some periods preceding the initiation of the dependency proceeding. V.W. v. G.W., 990 So.2d 414, 417 (Ala.Civ.App.2008).
Under Rule 59(g), the mother had a right to a hearing as to a timely filed postjudgment motion. In this case, the mother filed such a timely motion in which she asserted that the evidence did not support the juvenile court’s judgment; the juvenile court committed manifest error in determining, contrary to its own express reckoning, that the mother’s postjudgment motion was “untimely.” We further cannot conclude that the juvenile court’s error was harmless so as to warrant affirmance in spite of that error.
Because the record indicates that the juvenile court erroneously did not consider the merits of the mother’s postjudgment motion, we reverse the judgment of the juvenile court and remand the case for that court to hold a hearing, to consider the substantive issues raised in the moth *1093 er’s postjudgment motion, and to rule on that motion in accordance with its findings following the hearing. In doing so, we do not reach the merits of the other issues the mother raises in this appeal. See Comalander v. Spottswood, 846 So.2d 1086, 1090 (Ala.2002).
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. The juvenile court's belief that a motion may currently be "filed” by facsimile transmission is, of course, contrary to Ex parte Tuck, 622 So.2d 929 (Ala.1993).