LYONS, Justice.
Dean Kenneth Hicks, the defendant in an action arising out of a vehicular accident, has filed a petition for a writ of mandamus requesting that this Court direct the trial court to vacate its order granting a motion filed by the plaintiff, Virginia Gayle Marshall, pursuant to Rule 60(b)(6), Ala. R. Civ. P., for relief from a final judgment in favor of Hicks and reinstating the underlying action to the court’s active docket. We grant the petition and issue the writ.
I. Factual Background and Procedural History
The vehicular accident underlying this action occurred on May 18, 2002. Shortly after the accident, Marshall was referred to attorney Charles Decker. Decker accepted the case and filed an action against Hicks on May 18, 2004, the day before the statute of limitations would have run. Discovery commenced, but Decker did not comply with the discovery requests. On Hicks’s motion, the trial court on January 20, 2005, dismissed the case as a sanction for failing to comply with discovery requests. See Rule 37(d), Ala. R. Civ. P. Decker sought to have the case reinstated, contending that he had not received copies of the court’s notices setting a deadline for completing discovery. • On February 25, 2005, the court reinstated the case to its active docket and cautioned Decker that the case would again be dismissed if all discovery requests were not fully complied with within 21 days. Decker did not provide discovery within the specified time. The trial court then entered an order prohibiting Marshall from proceeding with her case until all discovery requests were answered and taxing her with costs and $418 in attorney fees incurred by the defense. When Marshall failed to pay the fees ordered by the trial court, the court entered an order on January 10, 2006, dismissing her case “for repeated refusals to comply with the Court’s orders.” Marshall did not appeal from this final order.
In June 2009, three and one-half years after her case had been dismissed, Marshall obtained new counsel and filed a motion pursuant to Rule 60(b), Ala. R. Civ. P., to have her case reinstated. On June 21, 2010, the trial court held a hearing on Marshall’s motion, and on September 21, 2010, it entered the order reinstating the case to the court’s active docket, which Hicks now seeks to have vacated.
At the hearing, Marshall contended that she had not been aware of Decker’s failure to comply with court orders and to properly pursue her claims. She stated that she had stopped by his office on several occasions but that she had seldom been able to speak with him and he had not returned her calls. She said that she had not spoken with or met with Decker *879 since 2004. In 2007, Marshall said, she went to Decker’s office and found it “permanently closed.” Marshall did not know at that time that Decker, who suffers from dementia and is disabled, had been suspended from the practice of law by the Alabama State Bar on April 26, 2007. Marshall said she learned of his suspension in the late spring or early summer of 2007 when her son saw a copy of the suspension notice published by the State Bar in a local newspaper and sent it to her.
Marshall said she took no action until approximately September 2008, when she went to the office of the circuit clerk for Houston County to ask about the status of her case and learned that her case had been dismissed in January 2006. In December 2008, Marshall said, she went to Decker’s house and obtained a copy of his case file from his wife. Marshall said that she then took that file back to the circuit clerk’s office to ask about a document in the file styled as a “motion” seeking to have the case reinstated and “orders” in the file purportedly entered by the trial court reinstating her case. The clerk again advised Marshall that her case had been dismissed in 2006 and that it had not been reinstated. Marshall said that she later learned that Decker had fabricated the motion, which was never filed, and that he had also fabricated the orders and had forged the trial court’s signature on them.
Marshall did not seek new counsel until late spring 2009. Her new attorney filed the Rule 60(b)(6) motion on June 1, 2009. After the trial court entered the September 2010 order reinstating the case, Hicks filed a timely petition for a writ of mandamus with this Court.
II. Standard of Review
“‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (8) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala.2003) (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)).
“ ‘A petition for the writ of mandamus is a proper method for attacking the grant of a Rule 60(b) motion.’ Ex parte A & B Transp., Inc., 8 So.3d 924, 931 (Ala.2007). ‘In general, the decision whether to grant or to deny a post-judgment motion filed pursuant to ... Rule 60 is within the sound discretion of the trial court, and the exercise of that discretion will not be disturbed ... unless the trial court [exceeded] its discretion.’ Comalander v. Spottswood, 846 So.2d 1086, 1090 (Ala.2002). However, ‘[a] party seeking relief must both allege and prove one of the grounds set forth in Rule 60 in order to be granted relief under that rule.’ Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala.1995). Thus, where a ‘Rule 60(b) motion offer[s] no proper basis for granting relief from the judgment, ... the trial court’s granting of that motion [exceeds its] discretion.’ Ex parte Alfa Mut. Gen. Ins. Co., 681 So.2d 1047, 1050 (Ala.1996).”
Ex parte Wallace, Jordan, Ratliff & Brandt, L.L.C., 29 So.3d 175, 177-78 (Ala.2009).
III. Analysis
Rule 60(b), Ala. R. Civ. P., states, in pertinent part:
“On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadver *880 tence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken.... This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three (3) years after the entry of the judgment (or such additional time as is given by § 6-2-3 and 6-2-8, Code of Alabama 1975) to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court....”[1]
(Emphasis added.) Rule 60(b)(6), a “catchall” provision, is the only portion of Rule 60(b) applicable in this case. Subsection (6) allows a trial court to grant relief from a judgment for any “reason [other than the reasons (1) through (5) ] justifying relief.” R.E. Grills, Inc. v. Davison, 641 So.2d 225, 229 (Ala.1994). “‘Relief under Rule 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice.’ ” Chambers County Comm’rs v. Walker, 459 So.2d 861, 866 (Ala.1984) (quoting Douglass v. Capital City Church of the Nazarene, 443 So.2d 917, 920 (Ala.1983)).
The dispositive question in this case is whether Marshall filed her Rule 60(b)(6) motion within a “reasonable time” as required by Rule 60(b). This Court has previously discussed the elements that determine a reasonable time for purposes of a Rule 60(b) motion:
“What constitutes a ‘reasonable time’ depends on the facts of each case, taking into consideration the interest of finality, the reason for the delay, the practical ability to learn earlier of the grounds relied upon, and the prejudice to other parties. Adams v. Farlow, 516 So.2d 528 (Ala.1987), cert. denied, 485 U.S. 1010, 108 S.Ct. 1477, 99 L.Ed.2d 705 (1988). In addition, the doctrine of lach-es, which denies equitable relief to one guilty of unconscionable delay in asserting a claim, applies to Rule 60(b) motions. Waldrop v. Waldrop, 395 So.2d 62 (Ala.1981).”
Ex parte W.J., 622 So.2d 358, 361 (Ala.1993).
The facts of this case are extraordinary. It is clear that Marshall was a victim of her attorney’s conduct, whether Decker acted intentionally or as a result of his disability. Nevertheless, Marshall had no contact with her attorney from 2004 to 2007, approximately three years. By spring 2007, despite the fact that Marshall knew that Decker had closed his office and had been suspended from the practice of law, she took no action for approximately a *881 year and a half, when she inquired at the circuit clerk’s office in September 2008 and was told that her case had been dismissed in January 2006. She waited another three to four months before she obtained Decker’s file on her case and returned to the clerk’s office in December 2008 with the file containing the documents she later learned were fabrications with forged signatures. The clerk again told Marshall that her case had been dismissed. Marshall waited another six months before taking action — obtaining a new lawyer and filing a “Motion to Set Aside” the dismissal of her case.
Marshall had sufficient reason to inquire about her case when she learned in the spring of 2007, after having had no contact with Decker for three years, that Decker had closed his office and had been suspended from the practice of law. Nearly 18 months elapsed before Marshall contacted the circuit clerk’s office in September 2008 and learned that her case had been dismissed. More time passed before she obtained a copy of Decker’s file and returned to the clerk’s office in December 2008, and she waited almost six months more before she retained new counsel and filed a motion seeking to have the dismissal set aside. Marshall does not provide any reasons for her delay in obtaining different legal representation, and she could easily have inquired at the circuit clerk’s office at any time about the status of her case. Hicks argues that he has been prejudiced by the reinstatement of this case over four years after it had been dismissed.
Despite the above-described delays, Marshall argues that she filed her motion to reinstate within a reasonable time after she obtained a copy of Decker’s file and learned that some of the documents in it had been fabricated. She argues that fraud upon the court equitably tolls the time for seeking to set aside a judgment and that in her case the delay between her conversation -with the circuit clerk in December 2008 and the filing of her motion to reinstate in June 2009 is not an unreasonable delay. In support of her argument, Marshall relies upon Ex parte Oden, 617 So.2d 1020 (Ala.1992), in which the plaintiff filed a motion to reinstate a judgment approximately four months after receiving actual knowledge that his case had been dismissed. Oden is distinguishable from this case, however, because in Oden, although the plaintiffs lawyer deliberately misled him about the status of his case, this Court found that the plaintiff showed “extraordinary diligence” in checking with his lawyer almost weekly about his case and in obtaining a different lawyer within a month of several unsuccessful attempts to contact the lawyer who had misled him. In Marshall’s case, we conclude that her delay in making any type of inquiry about her case for approximately 18 months after she learned that Decker had closed his office and had been suspended from the practice of law, together with the additional three- to four-month delay before she obtained the copy of his file on her case and confirmed that her case had been dismissed, was unreasonable. We therefore need not decide whether her six-month delay in filing a motion to reinstate after learning about the fabricated documents in Decker’s file was reasonable.
Under the particular circumstances of this case, although the situation in which Marshall found herself is certainly regrettable, we conclude that she did not file her Rule 60(b) motion within a reasonable time. It is not reasonable to allow a plaintiff to sit idly by for several years without inquiring about the status of a case and then to wait almost another year before pursuing a remedy for the dismissal of that case, even though the plaintiff was not informed of the dismissal. The legal sys *882 tem must have a degree of finality, and it is unreasonable under the facts here presented to reinstate a case that has now been dismissed for over four years.
IV. Conclusion
Because Marshall did not file her Rule 60(b) motion within a reasonable time, the trial court exceeded its discretion in granting her motion to reinstate the case. Therefore, we grant Hicks’s petition for a writ of mandamus and order the trial court to vacate the September 2010 order that granted Marshall’s motion for relief from a final judgment and reinstated the underlying action. Because of our disposition of the case on this ground, we need not address the other issues argued by the parties.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and STUART, BOLIN, and MURDOCK, JJ., concur.

. Section 6-2-3, Ala.Code 1975, tolls the running of the statute of limitations for an action based upon fraud if the party against whom the fraud claim exists has fraudulently concealed his or her acts. Section 6-2-8, Ala. Code 1975, tolls the running of the statute of limitations for an action based upon fraud if the party who has been defrauded is less than 19 years old or is considered "insane.”