WISE, Justice.
*37 Mark Price d/b/a J & M Movers ("J & M"), a defendant below, filed a petition for a writ of mandamus in this Court requesting that we order the Perry Circuit Court to vacate its order granting a motion for relief from judgment filed by Lawrence E. Brewer and Margaret Brewer, the plaintiffs below. We grant the petition and issue the writ.
Facts and Procedural History
On July 17, 2013, the Brewers sued J & M and fictitiously named defendants, asserting a single claim alleging trespass based on the June 23, 2009, repossession of a mobile home that was located on their real property. According to the Brewers, on or about June 23, 2009, J & M unlawfully entered their real property to repossess the mobile home and caused damage to their property during the process. J & M filed an answer in which it denied the allegations in the complaint.
On June 9, 2015, the Brewers filed an amended complaint, substituting Brandon Scott Asberry d/b/a Scott Asberry Transportation as "the proper party Defendant in this case." On June 12, 2015, the Brewers filed a motion to dismiss J & M as a defendant in the case. On June 18, 2015, the trial court granted the motion and dismissed J & M as a defendant.
Over two years later, on August 8, 2017, the Brewers filed a motion for relief from the judgment of dismissal, citing Rule 60(b)(6), Ala. R. Civ. P., and asking the trial court to reinstate J & M as a defendant. The Brewers alleged the following as the grounds for their motion:
"(1) [The Brewers] filed this suit against [J & M] on July 17, 2013 alleging damages resulting from a trespass unto their lands.
"(2) During the course of this litigation, defendant [J & M,] through counsel, represented to [the Brewers'] counsel that it would present conclusive proof to [the Brewers'] counsel that it could not have been [J & M] who trespassed onto [the Brewers'] property.
"(3) [The Brewers'] counsel agreed to a dismissal of [J & M] and substituted as the defendant the party whose identity was revealed by [J & M].
"(4) In the meantime, [J & M] prepared the June 18, 2015 order that was signed by this court.
"(5) It is apparent that the entity given to [the Brewers] by the defendant (Scott Asberry Transportation) did not enter [the Brewers'] property on June 23, 2009, but sometime in 2010."
In support of their motion, the Brewers attached an undated document related to what appears to be a repossession by Scott Asberry Transportation for 21st Mortgage Corporation.
On August 14, 2017, J & M filed a response in opposition to the Brewers' motion for relief from the judgment of dismissal. It asserted that, while researching the Brewers' claims, its counsel had discovered litigation from 2009 between 21st Mortgage Corporation and the Brewers relating to a default on a mortgage on a mobile home. According to J & M, the trial court in that case had issued a writ of execution for repossession of the mobile home, and the repossession had been made by Scott Asberry Transportation. J & M stated that it had forwarded the documentation to counsel for the Brewers.
J & M argued that the documentation the Brewers had attached to their motion for relief from judgment was the documentation it had forwarded to the Brewers' counsel about the repossession by Scott *38 Asberry Transportation. It also argued that the documentation did not show when the repossession took place and did not provide any support for a contention that J & M had committed a trespass on the Brewers' property in 2009. Further, J & M argued that the Brewers had not engaged in discovery before dismissing it as a defendant and that it did not appear that they had engaged in discovery thereafter to ascertain any additional facts. Finally, J & M pointed out that the Brewers had voluntarily filed the motion to dismiss it as a defendant.
J & M argued that Rule 60(b)(6) does not apply to the Brewers' stated grounds. Specifically, it contended that their allegations actually asserted grounds of mistake, newly discovered evidence, or misrepresentation of an adverse party, which fall under Rule 60(b)(1), (2), or (3), Ala. R. Civ. P., and which all were required to be filed not more than four months after the order of dismissal was entered. J & M also argued that the Brewers could not use Rule 60(b)(6) to avoid the effects of their voluntary choice not to conduct discovery to identify the proper defendant or to obtain evidence to support a trespass claim against J & M and their deliberate choice to dismiss J & M as a defendant. Finally, J & M argued that the Brewers' motion was not timely filed.
On September 11, 2017, the trial court granted the Brewers' motion for relief from judgment. This petition followed.
Standard of Review
" 'Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' " Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala. 2003) (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995) ).
" 'A petition for the writ of mandamus is a proper method for attacking the grant of a Rule 60(b) motion.' Ex parte A & B Transp., Inc., 8 So.3d 924, 931 (Ala. 2007). 'In general, the decision whether to grant or to deny a postjudgment motion filed pursuant to ... Rule 60 is within the sound discretion of the trial court, and the exercise of that discretion will not be disturbed ... unless the trial court [exceeded] its discretion.' Comalander v. Spottswood, 846 So.2d 1086, 1090 (Ala. 2002). However, '[a] party seeking relief must both allege and prove one of the grounds set forth in Rule 60 in order to be granted relief under that rule.' Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala. 1995). Thus, where a ' Rule 60(b) motion offer[s] no proper basis for granting relief from the judgment, ... the trial court's granting of that motion [exceeds its] discretion.' Ex parte Alfa Mut.Gen. Ins. Co., 681 So.2d 1047, 1050 (Ala. 1996)."
Ex parte Wallace, Jordan, Ratliff & Brandt, L.L.C., 29 So.3d 175, 177-78 (Ala. 2009).
Discussion
J & M argues that the trial court exceeded its discretion in granting the Brewers' motion for relief from judgment. With regard to motions for relief from judgment, Rule 60(b), Ala. R. Civ. P., provides, in part:
"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due *39 diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken.... This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three (3) years after the entry of the judgment (or such additional time as is given by § 6-2-3 and § 6-2-8, Code of Alabama 1975 ) to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court."
As it did below, J & M first argues in this Court that, even though the Brewers stated that they were relying on Rule 60(b)(6), their factual allegations actually asserted grounds of mistake, newly discovered evidence, or misrepresentation of an adverse party, which fall under Rule 60(b)(1), (2), or (3), Ala. R. Civ. P. J & M also argues that a motion based on such grounds should have been filed not more than four months after the order of dismissal was entered and that, therefore, the Brewers' motion for relief from judgment was not timely.
We agree with J & M. Concerning motions filed pursuant to Rule 60(b)(6), this Court has stated:
"The 'catch all' provision of clause (6) of Rule 60(b) allows a trial court to grant relief from a judgment for 'any other reason justifying relief.' Barnett v. Ivey, 559 So.2d 1082, 1084 (Ala. 1990). ' "Relief under Rule 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice." ' Chambers County Comm'rs v. Walker, 459 So.2d 861, 866 (Ala. 1984) (quoting Douglass v. Capital City Church of the Nazarene, 443 So.2d 917, 920 (Ala. 1983) ). Clause (6), however, is mutually exclusive of the specific grounds of clauses (1) through (5), and a party may not obtain relief under clause (6) if it would have been available under clauses (1) through (5).... Because clause (6) operates exclusively of the specific grounds listed in clauses (1) through (5), this Court has stated that a party may not escape the four-month limitation applicable to clauses (1) through (3) merely by characterizing the motion as seeking relief under clause (6)."
R.E. Grills, Inc. v. Davison, 641 So.2d 225, 229 (Ala. 1994). Also,
"[a] party may not escape the time limits set forth in Rule 60(b)(1) through (5) merely by characterizing his motion as a Rule 60(b)(6). Ex parte Hartford[ Ins. Co., 394 So.2d 933 (Ala. 1981) ]. Relief is available under Rule 60(b)(6) only when the following two prerequisites have been met: (1) the motion must be based on some reason other than those stated in clauses 60(b)(1) through (5); and (2) the reason urged for relief must be such as to justify relief. 7 Moore's Federal Practice § 60.27(1), p. 266 (2d ed. 1985)."
State ex rel. Taylor v. Nelson, 535 So.2d 178, 180 (Ala. Civ. App. 1988).
In this case, although the Brewers characterized their motion as one seeking relief *40 under Rule 60(b)(6), they failed to allege specifically why the motion should be treated as a Rule 60(b)(6) motion. From the face of the motion, it is clear that the Brewers sought relief based on one or more of the reasons set forth in Rule 60(b)(1), (2), and (3), as J & M alleges. It is also clear that the Brewers sought the relief more than two years after the order of dismissal was entered-well past the four-month limitation period for such a request. Therefore, the motion for relief from judgment was not timely filed.
Moreover, to the extent the Brewers argue that the trial court could have fashioned an equitable remedy, they have not shown any "extraordinary circumstances" that would support relief under Rule 60(b)(6). Under this subsection,
" 'relief is granted only in those extraordinary and compelling circumstances when the party can show the court sufficient equitable grounds to entitle him to relief, but relief should not be granted to a party who has failed to do everything reasonably within his power to achieve a favorable result before the judgment becomes final.' "
Ex parte Wallace, Jordan, Ratliff & Brandt, L.L.C., 29 So.3d at 178 (quoting Patterson v. Hays, 623 So.2d 1142, 1145 (Ala. 1993) ). Furthermore, " ' Rule 60(b)(6) [cannot] be used "for the purpose of relieving a party from the free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interest." ' " R.E. Grills, Inc., 641 So.2d at 230-31 (quoting Chambers Cty. Comm'rs v. Walker, 459 So.2d 861, 864, 866 (Ala. 1984) ).
Here, it appears that the Brewers failed to take reasonable measures to protect their own interests. There is no indication in the materials before us that they made any efforts-whether before filing the complaint or after filing the complaint and the amended complaint-to identify the entity that repossessed the mobile home. Also, the document they submitted in support of their motion for relief from the judgment of dismissal-a document related to what appears to be a repossession by Scott Asberry Transportation for 21st Mortgage Corporation-was not dated and was evidently provided to them by J & M before they ever filed their amended complaint. Further, there is no indication that the Brewers made any effort to determine the veracity of the document before making the deliberate choice to dismiss J & M as a defendant in the case. Therefore, they cannot use Rule 60(b)(6) to relieve themselves of their own voluntary and deliberate choice. See Ex parte Wallace, Jordan, Ratliff & Brandt, L.L.C., supra ; R.E. Grills, Inc., supra.
The Brewers argue, in the alternative, that the trial court had the discretion to consider their motion for relief from judgment as an independent action and that such an action was timely because they filed it within three years after the order of dismissal. They contend that an independent fraud action against J & M was appropriate because, they say, the actions of J & M, through its counsel, amounted to fraud upon the court. However, "the filing of an independent action under Rule 60(b) does not excuse 'compliance with procedural requirements such as the payment of a filing fee and service of process of an independent action.' " T.T. v. K.M.G., 186 So.3d 472, 476 (Ala. Civ. App. 2015) (quoting Faulkner v. Hays, 160 So.3d 329, 334 (Ala. Civ. App. 2014) ). The payment of a filing fee is required to commence an action, and the failure to pay a filing fee is a jurisdictional defect. See Faulkner, supra ; Hicks v. Hicks, 130 So.3d 184, 188 (Ala. Civ. App. 2012) ; and Vann v. Cook, 989 So.2d 556, 558-59 (Ala. Civ. App. 2008). The Brewers did not pay a filing fee *41 when they filed their motion for relief from judgment. Therefore, the trial court did not have jurisdiction to treat the motion as an independent action and to grant the relief requested therein.
Conclusion
For the above-stated reasons, J & M established that the Brewers were not entitled to relief pursuant to Rule 60(b)(6) and that the trial court exceeded its discretion in granting the Brewers' motion for relief from judgment. Accordingly, we grant the petition for a writ of mandamus and direct the Perry Circuit Court to vacate its order granting the motion for relief from judgment filed by the Brewers.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Parker, Shaw, Main, Bryan, Sellers, and Mendheim, JJ., concur.